UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ABDUS SALAAM MALIK,            :
                               :   Civil Action No. 05-3901 (JBS)
          Plaintiff,           :
                               :
     v.                        :   **OPINION**
                               :
LEWIS HANNAH,                  :
et al.,                        :
                               :
          Defendants.          :

**APPEARANCES**:

Plaintiff pro se                   Counsel for Camden County
Abdus Salaam Malik                     Prosecutor's Office
#67281                             Howard L. Goldberg
M.C.C.I.                           Asst. County Counsel
1 Waterworks Road                  520 Market Street
Freehold, NJ 07728                 14th Floor - Courthouse
                                   Camden, NJ 08102

**SIMANDLE**, District Judge

Plaintiff Abdus Salaam Malik, a prisoner currently confined at the Monmouth County Correctional Institution, seeks to bring this action in forma pauperis pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights.  Based on the absence of Plaintiff's institutional account statements, as required by 28 U.S.C. § 1915, this Court will deny Plaintiff's request for leave to proceed in forma pauperis.  Plaintiff has also paid the filing fee.

At this time, the Court must review the Complaint under 28 U.S.C. § 1915(e)(2) to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.[1]

## I.  BACKGROUND

The following factual allegations are taken from Plaintiff's Complaint and Amended Complaint and are accepted as true for purposes of this review.

On March 28, 2003, officers of the Camden County Police Department came to Plaintiff's home to arrest Stanley Crump.  In the course of arresting Crump, the officers forcibly awakened Plaintiff and his family and forced them downstairs.  Plaintiff alleges that he was beaten and "hog tied" for no reason.  The officers searched Plaintiff's home and, when asked for a warrant, threatened to plant drugs in the house.  The officers dropped off Plaintiff outside a hospital.  Plaintiff alleges that he has been

---

[1] Here, Plaintiff has both paid the filing fee and applied for leave to proceed in forma pauperis. Nevertheless, because Plaintiff has sought leave to proceed in forma pauperis, the screening provision of § 1915(e)(2) is applicable to this proceeding. See, e.g., Powell v. Hoover, 956 F.Supp. 564 (M.D. Pa. 1997); Eckert v. Camp, 166 F.3d 347 (10th Cir. 1998) (unpublished).  See also Benson v. O'Brian, 179 F.3d 1014, 1017 n.2 (6th Cir. 1999) (dicta) ("It appears to us that screening pursuant to § 1915(e)(2) should be triggered by the filing of a request for leave to proceed in forma pauperis.").  The test of § 1915(e)(2) itself make this clear, that such review by the Court shall occur "notwithstanding any filing fee, or any portion thereof, that may have been paid...."

permanently disabled as a result of the injuries he suffered.  He names as defendants the Camden County Police Department and the Camden County Prosecutor's Office.

In April 2003, Plaintiff retained defendant attorney Lewis Hannah to pursue a civil action for damages arising out of the events of March 28, 2003.  Defendant Hannah held the information for a period of two years, then resigned without explanation and without filing a civil action.

Plaintiff's complaint is dated July 26, 2005, and was received in this Court on August 4, 2005.

## II. STANDARDS FOR A SUA SPONTE DISMISSAL

This Court must dismiss, at the earliest practicable time, certain in forma pauperis and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions).

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court must "accept as true all of the allegations in the complaint and all

3

reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions." Id.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)). The standard for evaluating whether a complaint is "frivolous" is an objective one. Deutsch v. United States, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

A pro se complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines, 404 U.S. at 521 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981).

Where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34 (1992); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000) (dismissal

pursuant to 42 U.S.C. § 1997e(c)(1)); <u>Urrutia v. Harrisburg County Police Dept.</u>, 91 F.3d 451, 453 (3d Cir. 1996).

### III.   <u>SECTION 1983 ACTIONS</u>

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law.  <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988); <u>Piecknick v. Pennsylvania</u>, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

Local government units and supervisors are not liable under § 1983 solely on a theory of <u>respondeat</u> <u>superior</u>.  See <u>City of Oklahoma City v. Tuttle</u>, 471 U.S. 808, 824 n.8 (1985); <u>Monell v. New York City Department of Social Services</u>, 436 U.S. 658, 690-91, 694 (1978) (municipal liability attaches only "when execution of a government's policy or custom, whether made by its lawmakers

or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury" complained of); Natale v. Camden County Correctional Facility, 318 F.3d 575, 583-84 (3d Cir. 2003).  "A defendant in a civil rights action must have personal involvement in the alleged wrongs, liability cannot be predicated solely on the operation of respondeat superior. Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence."  Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) (citations omitted).  Accord Robinson v. City of Pittsburgh, 120 F.3d 1286, 1293-96 (3d Cir. 1997); Baker v. Monroe Twp., 50 F.3d 1186, 1190-91 (3d Cir. 1995).

To establish municipal liability under § 1983, "a plaintiff must show that an official who has the power to make policy is responsible for either the affirmative proclamation of a policy or acquiescence in a well-settled custom."  Bielevicz v. Dubinon, 915 F.2d 845, 850 (3d Cir. 1990), quoted in Blanche Rd. Corp. v. Bensalem Twp., 57 F.3d 253, 269 n.16 (3d Cir.), cert. denied, 516 U.S. 915 (1995), and quoted in Woodwind Estates, Ltd. v. Gretkowski, 205 F.3d 118, 126 (3d Cir. 2000).  A plaintiff must demonstrate that, through its deliberate conduct, the municipality was the moving force behind the plaintiff's injury. Monell, 436 U.S. at 689.

> A policy is made "when a decisionmaker possess[ing] final authority to establish municipal policy with

    respect to the action issues a final proclamation, policy or edict." Kneipp v. Tedder, 95 F.3d 1199, 1212 (3d Cir. 1996) (quoting Pembaur v. City of Cincinnati, 475 U.S. 469, 481, 106 S.Ct. 1292, 89 L.Ed.2d 452 (1986) (plurality opinion)). A custom is an act "that has not been formally approved by an appropriate decisionmaker," but that is "so widespread as to have the force of law." [Bd. of County Comm'rs of Bryan County, Oklahoma v. Brown, 520 U.S. 397, 404 (1997).]

    There are three situations where acts of a government employee may be deemed to be the result of a policy or custom of the governmental entity for whom the employee works, thereby rendering the entity liable under § 1983. The first is where "the appropriate officer or entity promulgates a generally applicable statement of policy and the subsequent act complained of is simply an implementation of that policy." The second occurs where "no rule has been announced as policy but federal law has been violated by an act of the policymaker itself." Finally, a policy or custom may also exist where "the policymaker has failed to act affirmatively at all, [though] the need to take some action to control the agents of the government 'is so obvious, and the inadequacy of existing practice so likely to result in the violation of constitutional rights, that the policymaker can reasonably be said to have been deliberately indifferent to the need.'"

Natale, 318 F.3d at 584 (footnote and citations omitted).

### IV.  ANALYSIS

Plaintiff's claims against Defendants Camden County Police Department and Camden County Prosecutor's Office must be dismissed with prejudice as time-barred.

A court may dismiss a complaint for failure to state a claim, based on a time-bar, where "the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." Bethel v. Jendoco Construction Corp., 570 F.2d 1168, 1174 (3d Cir. 1978) (citation

7

omitted).  Although the statute of limitations is an affirmative defense which may be waived by the defendant, it is appropriate to dismiss sua sponte under 28 U.S.C. § 1915(e)(2) a pro se civil rights claim whose untimeliness is apparent from the face of the Complaint.  See, e.g., Pino v. Ryan, 49 F.3d 51, 53 (2d Cir. 1995) (holding, under former § 1915(d) in forma pauperis provisions, that sua sponte dismissal prior to service of an untimely claim is appropriate since such a claim "is based on an indisputably meritless legal theory"); Hall v. Geary County Bd. of County Comm'rs, 2001 WL 694082 (10th Cir. June 12, 2001) (unpub.) (applying Pino to current § 1915(e)); Rounds v. Baker, 141 F.3d 1170 (8th Cir. 1998)(unpub.); Johnstone v. United States, 980 F.Supp. 148 (E.D. Pa. 1997) (applying Pino to current § 1915(e)).  The requirements of 28 U.S.C. § 1915A (governing civil actions in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity) and 42 U.S.C. § 1997e (governing actions brought with respect to prison conditions) that federal courts review and dismiss any complaint that fails to state a claim parallel the provision in 28 U.S.C. § 1915(e).

Civil rights claims are best characterized as personal injury actions and are governed by the applicable state's statute of limitations for personal injury actions.  See Wilson v. Garcia, 471 U.S. 261, 280 (1985).  Accordingly, New Jersey's two-

year limitations period on personal injury actions, N.J. Stat. Ann. § 2A:14-2, governs Plaintiff's claims.  See Montgomery v. DeSimone, 159 F.3d 120, 126 & n.4 (3d Cir. 1998); Cito v. Bridgewater Township Police Dept., 892 F.2d 23, 25 (3d Cir. 1989).  Under N.J. Stat. Ann. § 2A:14-2, an action for an injury to the person caused by a wrongful act, neglect, or default must be commenced within two years of accrual of the cause of action. Cito, 892 F.2d at 25; accord Brown v. Foley, 810 F.2d 55, 56 (3d Cir. 1987).  Unless their full application would defeat the goals of the federal statute at issue, courts should not unravel states' interrelated limitations provisions regarding tolling, revival, and questions of application.  Wilson v. Garcia, 471 U.S. at 269.

New Jersey statutes set forth certain bases for "statutory tolling."  See, e.g., N.J.S.A. § 2A:14-21 (detailing tolling because of minority or insanity); N.J.S.A. § 2A 14-22 (detailing tolling because of nonresidency of persons liable).  New Jersey law permits "equitable tolling" where "the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass," or where a plaintiff has "in some extraordinary way" been prevented from asserting his rights, or where a plaintiff has timely asserted his rights mistakenly by either defective pleading or in the wrong forum. See Freeman v. State, 347 N.J. Super. 11, 31 (citations omitted),

certif. denied, 172 N.J. 178 (2002). "However, absent a showing of intentional inducement or trickery by a defendant, the doctrine of equitable tolling should be applied sparingly and only in the rare situation where it is demanded by sound legal principles as well as the interests of justice." Id.

When state tolling rules contradict federal law or policy, in certain limited circumstances, federal courts can turn to federal tolling doctrine. See Lake v. Arnold, 232 F.3d 360, 370 (3d Cir. 2000). Under federal law, equitable tolling is appropriate in three general scenarios:

> (1) where a defendant actively misleads a plaintiff with respect to her cause of action; (2) where the plaintiff has been prevented from asserting her claim as a result of other extraordinary circumstances; or (3) where the plaintiff asserts her claims in a timely manner but has done so in the wrong forum.

Id. n.9.

Here, according to the allegations of his Complaint, Plaintiff's claims against the Camden County Police Department and the Camden County Prosecutor's Office accrued[2] on March 28,

---

[2] A claim accrues as soon as the injured party "knew or had reason to know of the injury that constitutes the basis of this action." Oshiver v. Levin Fishbein, Sedran & Berman, 38 F.3d 1380, 1385 (3d Cir. 1994) (quoting Sandutch v. Muroski, 684 F.2d 252, 254 (3d Cir. 1982)). "Plaintiff's actual knowledge is irrelevant. Rather, the question is whether the knowledge was known, or through reasonable diligence, knowable. Moreover, the claim accrues upon knowledge of the actual injury, not that the injury constitutes a legal wrong." Fassnacht v. United States, 1996 WL 41621 (E.D. Pa. Feb. 2, 1996) (citing Oshiver, 38 F.3d at 1386).

2003, more than two years before the date of his Complaint.[3] Plaintiff alleges no facts or extraordinary circumstances that would permit statutory or equitable tolling under either New Jersey or federal law. Thus, Plaintiff's claims against the Camden County Police Department and the Camden County Prosecutor's Office are time-barred and will be dismissed with prejudice.

Plaintiff states no constitutional claim against defendant attorney Lewis Hannah, as Defendant Hannah is not a state actor. Accordingly, all constitutional claims against Defendant Hannah will be dismissed with prejudice. This court construes the Complaint as asserting against Defendant Hannah a state-law claim for legal malpractice, which is sufficient to avoid dismissal at this early stage of the litigation.[4]

## V. CONCLUSION

For the reasons set forth above, all constitutional claims will be dismissed with prejudice. The state-law claim for legal

---

[3] The claims against the Camden County Police Department and the Camden County Prosecutor's Officer are asserted in the Amended Complaint, dated July 26, 2005, and received by this Court November 14, 2005.

[4] Because the only remaining claim against Defendant Hannah arises under state law, this Court will have jurisdiction if Mr. Malik and Mr. Hannah are citizens of different states and if at least $75,000 is in dispute as required by 28 U.S.C. § 1332. It would appear this requirement is satisfied if Malik is a New Jersey citizen and Hannah is a Pennsylvania citizen as suggested in the Amended Complaint.

malpractice against Defendant Lewis Hannah will be allowed to proceed.  An appropriate order follows.

                                           **s/ Jerome B. Simandle**
                                           Jerome B. Simandle
                                           United States District Judge

Dated:  **February 22, 2006**