```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| ABDUS SALAAM MALIK, | HONORABLE JEROME B. SIMANDLE |
| | CIVIL NO. 05-3901 (JBS) |
| Plaintiff, | |
| v. | |
| LEWIS HANNAH, et al., | **OPINION** |
| Defendants. | |

APPEARANCES:

Abdus Salaam Malik
#40863-050
FCI Ray Brook
P.O. Box 9003
Ray Brook, NY 12977
    Plaintiff pro se

Howard Lane Goldberg, Esq.
OFFICE OF CAMDEN COUNTY COUNSEL
520 Market Street
Courthouse - 14th Floor
Camden, NJ 08102-1375
    Attorney for Defendant Camden County Prosecutor's Office

**Simandle, District Judge**:

## I. INTRODUCTION

This matter comes before the Court on a motion for reconsideration [Docket Item 22] of the Court's sua sponte dismissal, pursuant to 28 U.S.C. § 1915(e)(2), of Plaintiff Abdus Salaam Malik's civil rights claims against Defendants Camden County Police Department and Camden County Prosecutor's Office ("the government Defendants"). In its February 22, 2006 Opinion and Order ("the February Opinion"), the Court determined that

those claims were time-barred because they relate to an alleged assault on Plaintiff on March 28, 2003 and he did not file this action until July 2005, after the two-year statute of limitations period had passed.  Plaintiff now argues that the Court should reconsider that dismissal and reinstate his claims against the government Defendants because his lawyer, Defendant Hannah, falsely led him to believe the Complaint had been filed and, therefore, equitable tolling is appropriate.  Thus, Plaintiff argues, the statute of limitations should not bar his action. For the reasons explained below, the Court will grant the motion for reconsideration but will not reinstate the claims against the government Defendants because the Complaint fails to allege any policy or custom for which they would be liable.

**II.   STANDARD FOR RECONSIDERATION**

Plaintiff brings this motion pursuant to Fed. R. Civ. P. 60(b)(1) and (6).  Rule 60 permits parties to seek relief from judgment.  However, Third Circuit jurisprudence requires the Court, instead, to consider this as a motion for reconsideration of the Court's February Opinion, pursuant to Fed. R. Civ. P. 59(e)[1], implemented by Local Civil rule 7.1(i).  Rule 59(e)

---

[1] As the Court of Appeals has explained,

> Although motions for reconsideration under Federal Rules of Civil Procedure 59(e) and 60(b) serve similar functions, each has a particular purpose. Rule 60(b) provides six bases for reconsideration, including

permits parties to seek alteration of judgments, and that is what Plaintiff is requesting.  Because the function of the motion and not the caption of it dictates which rule to apply, the Court will consider this a motion for reconsideration pursuant to Fed. R. Civ. P. 59(e).  Smith v. Evans, 853 F.2d 155, 158 (3d Cir. 1988).[2]

One practical effect of this difference is the timing of the motion.  Under 60(b)(1), a motion is timely if brought within one year of judgment and under 60(b)(6) a motion is timely if brought within "a reasonable time" of the judgment.  Meanwhile, a Fed. R. Civ. P. 59(e) motion to alter or amend judgment must be brought

---

> "mistake, inadvertence, surprise, or excusable neglect" . . .  In contrast, Rule 59(e) permits the filing of a motion to alter or amend a judgment. A motion under Rule 59(e) is a "device to relitigate the original issue" decided by the district court, and used to allege legal error. [Defendant's] motion argued that the District Court should have conducted an evidentiary hearing on his claim. [He] therefore urges more than an inadvertent mistake by the District Court, and instead argues that the District Court committed an error of law. As a Rule 60(b) motion "may not be used as a substitute for an appeal, and that legal error, without more" does not warrant relief under that provision, [the Court will deem the] motion as a request under Rule 59(e).

U.S. v. Fiorelli, 337 F.3d 282, 288 (3d Cir. 2003) (citations omitted).

[2]  The Court notes, however, that Plaintiff titles his motion a "MOTION FOR RECONSIDERATION UNDER FEDERAL RULES OF PROCEDURE 60(B)."

within ten days of the entry of the judgment.  As explained below, however, the Court is permitted to relax the ten-day rule and will do so in this case.

Plaintiff filed this motion on June 19, 2006, almost four months after the Court's February 22 Opinion.  Although a strict application of the Rules would, therefore, require the Court to deny the motion for reconsideration, the Court will exercise its discretion to relax this requirement.  In deference to a litigant's pro se status, the Court may relax the ten-day deadline to prevent surprise or injustice.  See, e.g., Damiano v. Sony Music Entertainment, Inc., 2000 WL 1689081, *5 (D.N.J. 2000); Former L.Civ.R. 7.1 cmt 6.b.(2) (2003).  The docket indicates that on March 8, 2006, the February Opinion that the Court mailed to Plaintiff at his address on record with the Clerk's office was returned undeliverable.  It was not until March 16, 2006, that Plaintiff filed a change of address.  In a letter to the Court, Plaintiff indicated that he had been in transit from February 27 to March 12, 2006.  Thus, the Court resent its February Opinion to Plaintiff on March 20, 2006.  Taking into account Plaintiff's pro se status and his limited access to a law library, and further taking into account that the challenged order of dismissal was entered without the submission of briefs or argument, the Court will exercise its discretion to consider the out-of-time motion.

Local Civil Rule 7.1(i) of the United States District Court, District of New Jersey, governs the instant motion for reconsideration. That rule requires that the moving party set forth the factual matters or controlling legal authority that it believes the court overlooked when rendering its initial decision. L. Civ. R. 7.1(i). Whether to grant reconsideration is a matter within the district court's discretion, but it should only be granted where such facts or legal authority were indeed presented but overlooked. DeLong Corp. v. Raymond Int'l Inc., 622 F.2d 1135, 1140 (3d Cir. 1980), overruled on other grounds by Croker v. Boeing Co., 662 F.2d 975 (3d Cir.1981); Williams v. Sullivan, 818 F. Supp. 92, 93 (D.N.J.1993). "A party seeking reconsideration must show more than a disagreement with the court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." Panna v. Firstrust Sav. Bank, 760 F. Supp. 432, 435 (D.N.J. 1991) (internal citations omitted). Instead, "the party seeking reconsideration [must show] at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available ...; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).

Ordinarily, a motion for reconsideration may address only those matters of fact or issues of law which were presented to, but not considered by, the court in the course of making the decision at issue. See SPIRG v. Monsanto Co., 727 F. Supp. 876, 878 (D.N.J.), aff'd, 891 F.2d 283 (3d Cir. 1989). Thus, matters may not be introduced for the first time on a reconsideration motion. See, e.g., Resorts Int'l, Inc. v. Greate Bay Hotel and Casino, Inc., 830 F. Supp. 826, 831 (D.N.J. 1992); Egloff v. New Jersey Air National Guard, 684 F. Supp. 1275, 1279 (D.N.J. 1988). Absent unusual circumstances, a court should reject new evidence which was not presented when the court made the contested decision. See Resorts Int'l, 830 F. Supp. at 831 n.3. Moreover, L.Civ.R. 7.1(i) does not allow parties to restate arguments which the court has already considered. Thus, a difference of opinion with the court's decision should be dealt with through the normal appellate process. Florham Park Chevron, Inc. v. Chevron U.S.A., Inc., 680 F. Supp. 159, 162 (D.N.J. 1988); see also Chicosky v. Presbyterian Medical Ctr., 979 F. Supp. 316, 318 (D.N.J. 1997); NL Industries, Inc. v. Commercial Union Ins. Co., 935 F. Supp. 513, 516 (D.N.J. 1996) ("Reconsideration motions . . . may not be used to re-litigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment."). Furthermore, the court will grant a motion for reconsideration only if the movant establishes that the court

overlooked "dispositive factual matters or controlling decisions of law."  See Rouse v. Plantier, 997 F. Supp. 575, 578 (D.N.J. 1998); Starr v. JCI Data Processing, Inc., 767 F. Supp. 633, 635 (D.N.J. 1991).  Again, however, "the court may, in the exercise of its discretion, consider evidence offered for the first time on a motion for reargument, particularly if the evidence may lead to a different result."  Former L.Civ.R. 7.1 cmt 6.f.  With these standards in mind, the Court will now turn to plaintiffs' motion for reconsideration.

This case calls for reconsideration because the Court overlooked the allegation in the Complaint that Defendant Hannah's actions deprived Plaintiff of an opportunity to timely file his Complaint against the government Defendants and, therefore, equitable tolling should apply.  In his initial Complaint Plaintiff named no government actor as a defendant.  However, he explained that Defendant Hannah wrongfully induced him into believing a complaint had been filed against the government Defendants within the applicable statute of limitations.  Plaintiff's First Complaint alleged that "[i]n August, 2004, Mr. Hannah had come to visit me at the Federal Detention Center in Philadelphia, explaining . . . that everything was being handled and already processed."  Plaintiff subsequently amended his Complaint to add government Defendants but did not reassert this allegation against Hannah.  Therefore

the Court overlooked this explanation for Plaintiff's delay when it decided that "Plaintiff alleges no facts or extraordinary circumstances that would permit statutory or equitable tolling under either New Jersey or federal law."  (Feb. Opinion at 11.) In his brief on this motion, Plaintiff further avers that between August 2004 and February 2005 he had phone conversations with his lawyer who assured him that the Complaint had been filed and that Plaintiff would receive a copy shortly.

When the Court conducts its initial screening, it must presume these facts to be true.  This the Court did not do; these facts were overlooked and, on reconsideration, as explained below, there is a need to correct this error.

**III. SCREENING**

This Court must dismiss, at the earliest practicable time, certain in forma pauperis and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions).

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United

States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).  The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions."  Id.

A pro se complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  Haines, 404 U.S. at 521 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981).

## IV.   EQUITABLE TOLLING

In light of the facts alleged in the Complaint and overlooked by the Court in its initial screening, it was not appropriate for the Court to dismiss the claims against the government Defendants on statute of limitations grounds.  Taking Plaintiff's allegations as true, then, as the Court must, it appears that equitable tolling must apply.  "[W]here - as here - the allegation is that a diligent client persistently questioned the lawyer as to whether he had filed the complaint in time, and he affirmatively misrepresented to [him] that he had, . . . there is a sufficient claim of attorney abandonment to bring

9

the case within the narrow line of cases in which lawyer misconduct justifies equitable tolling." <u>Seitzinger v. Reading Hosp. and Medical Center</u>, 165 F.3d 236, 237-38 (3d Cir. 1999). Plaintiff alleges that his lawyer assured him, between April 2003 and March 2005, that the Complaint would be and then that it was timely filed. If Plaintiff's claim was tolled during this approximately 21-month time-period, Plaintiff's claim, filed against the government Defendants in November 2005, would not be barred by the two-year statute of limitations. The Court reconsiders its finding on this point and reverses its dismissal for failure to comply with the statute of limitations.

## V.  SCREENING FOR FAILURE TO STATE A CLAIM

Nevertheless, the Court must determine whether the Complaint fails to state a claim or seeks monetary relief from a defendant who is immune from such relief, with regard to Plaintiff's 42 U.S.C. § 1983 claims against Defendants Camden County Prosecutor's Office and Camden County Police Department. <u>See</u> 28 U.S.C. § 1915(e)(2). Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must

10

allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

Local government units and supervisors are not liable under § 1983 solely on a theory of respondeat superior.  See City of Oklahoma City v. Tuttle, 471 U.S. 808, 824 n.8 (1985); Monell v. New York City Department of Social Services, 436 U.S. 658, 690-91, 694 (1978) (municipal liability attaches only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury" complained of); Natale v. Camden County Correctional Facility, 318 F.3d 575, 583-84 (3d Cir. 2003).  "A defendant in a civil rights action must have personal involvement in the alleged wrongs, liability cannot be predicated solely on the operation of respondeat superior.  Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence."  Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) (citations omitted).  Accord Robinson v. City of Pittsburgh, 120 F.3d 1286, 1293-96 (3d Cir. 1997); Baker v. Monroe Twp., 50 F.3d 1186, 1190-91 (3d Cir. 1995).

To establish municipal liability under § 1983, "a plaintiff must show that an official who has the power to make policy is responsible for either the affirmative proclamation of a policy or acquiescence in a well-settled custom." Bielevicz v. Dubinon, 915 F.2d 845, 850 (3d Cir. 1990), quoted in Blanche Rd. Corp. v. Bensalem Twp., 57 F.3d 253, 269 n.16 (3d Cir.), cert. denied, 516 U.S. 915 (1995), and quoted in Woodwind Estates, Ltd. v. Gretkowski, 205 F.3d 118, 126 (3d Cir. 2000).  A plaintiff must demonstrate that, through its deliberate conduct, the municipality was the moving force behind the plaintiff's injury. Monell, 436 U.S. at 689.

> A policy is made "when a decisionmaker possess[ing] final authority to establish municipal policy with respect to the action issues a final proclamation, policy or edict." Kneipp v. Tedder, 95 F.3d 1199, 1212 (3d Cir. 1996) (quoting Pembaur v. City of Cincinnati, 475 U.S. 469, 481, 106 S. Ct. 1292, 89 L. Ed. 2d 452 (1986) (plurality opinion)).  A custom is an act "that has not been formally approved by an appropriate decisionmaker," but that is "so widespread as to have the force of law."  [Bd. of County Comm'rs of Bryan County, Oklahoma v. Brown, 520 U.S. 397, 404 (1997).]
>
> There are three situations where acts of a government employee may be deemed to be the result of a policy or custom of the governmental entity for whom the employee works, thereby rendering the entity liable under § 1983.  The first is where "the appropriate officer or entity promulgates a generally applicable statement of policy and the subsequent act complained of is simply an implementation of that policy."  The second occurs where "no rule has been announced as policy but federal law has been violated by an act of the policymaker itself."  Finally, a policy or custom may also exist where "the policymaker has failed to act affirmatively at all, [though] the need to take some action to control the agents of the government 'is so

> obvious, and the inadequacy of existing practice so likely to result in the violation of constitutional rights, that the policymaker can reasonably be said to have been deliberately indifferent to the need.'"

Natale, 318 F.3d at 584 (footnote and citations omitted).

In this case, Plaintiff has alleged no policy or custom that would render either of the government defendants liable for the alleged unconstitutional conduct of the officers who entered Plaintiff's home in March 2003.[3]  Thus, pursuant to 28 U.S.C. § 1915(e)(2), the Court must dismiss the claims against the Camden County Prosecutor's Office and the Camden County Police Department for failure to state a claim.

## VI.  CONCLUSION

Although Plaintiff correctly points out that the Court overlooked extenuating circumstances that should have prevented the Court from dismissing his claims against the Camden County Prosecutor's Office and the Camden County Police Department as time-barred, on reconsideration the Court finds that the dismissal should stand because Plaintiff otherwise fails to state a claim against these municipal entities.  An accompanying Order shall be entered.


**January 3, 2007**                         **s/ Jerome B. Simandle**
Date                                        Jerome B. Simandle
                                            U.S. District Judge

---

    [3]  The Court notes that those officers were never defendants in this action.