```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF NEW JERSEY
```

ABDUS SALAAM MALIK,                  HONORABLE JEROME B. SIMANDLE

                                     CIVIL NO. 05-3901 (JBS)
                    Plaintiff,

        v.

                                     **OPINION**
LEWIS HANNAH, et al.,

                    Defendants.

APPEARANCES:

Abdus Salaam Malik
#40863-050
FCI Ray Brook
P.O. Box 9003
Ray Brook, NY 12977
     Plaintiff pro se

Howard Lane Goldberg, Esq.
OFFICE OF CAMDEN COUNTY COUNSEL
520 Market Street
Courthouse - 14th Floor
Camden, NJ 08102-1375
     Attorney for Defendant Camden County Prosecutor's Office

**Simandle, District Judge**:

I.    INTRODUCTION

        This matter comes before the Court on Plaintiff's motion for

reconsideration [Docket Item 28] of the Court's sua sponte

dismissal, pursuant to 28 U.S.C. § 1915(e)(2), of Plaintiff Abdus

Salaam Malik's civil rights claims against Defendants Camden

County Police Department and Camden County Prosecutor's Office

("the government Defendants")[1].   In its January 3, 2007 Opinion

and Order ("the January Opinion"), the Court dismissed

Plaintiff's complaint for failure to state a claim upon which

relief can be granted.

This Court has entertained a prior motion for

reconsideration by Plaintiff on his § 1983 claim.  In February

2006, this Court determined Plaintiff's civil rights claims were

time-barred due to the filing of this action after the two-year

statute of limitations period had passed.  Almost a year later,

in January 2007, this Court granted Plaintiff's first motion for

reconsideration, finding that because Plaintiff alleged his

lawyer, Defendant Hannah, falsely led Plaintiff to believe the

Complaint had been filed, equitable tolling of the statute of

limitations was appropriate on a <u>sua sponte</u> dismissal decision.

However, while the Court granted Plaintiff's first motion for

---

[1] Plaintiff has also filed a motion [Docket Item 24] for default judgment against Defendant Hannah.  Because it appears that Defendant Hannah "has failed to plead or otherwise defend," Fed. R. Civ. P. 55(a), within twenty days of being served, Fed. R. Civ. P. 12, the clerk shall enter Defendant Hannah's default. However, because Plaintiff has failed to establish why he is entitled to the $50,000 that he seeks, <u>see</u> Fed. R. Civ. P. 55(b)(2), the Court shall deny the motion for default judgment without prejudice, and shall permit Plaintiff an opportunity to provide the court with evidence of a specific sum of damages to which he is entitled as a result of the defaulting Defendant's malpractice.  Any motion for default judgment must be filed under Fed. R. Civ. P. 55(b), and must be supported by affidavits and/or other admissible evidence.  Further, Plaintiff must send a copy of any such default judgment motion and supporting materials to the defaulted Defendant, Lewis Hannah.

reconsideration, it did not reinstate the claims against the government Defendants because the Court determined that Plaintiff failed to state a claim upon which relief may be granted in his Complaint against Defendants Camden County Prosecutor's Office and Camden County Police Department.  See 28 U.S.C. § 1915(e)(2). Plaintiff failed to state a claim because local government units and supervisors are not liable under § 1983 solely on a theory of respondeat superior.  Additionally, Plaintiff's Complaint alleged no policy or custom that would render either of the government defendants liable for the alleged unconstitutional conduct of the officers who entered Plaintiff's home in March 2003.  In dismissing the Complaint, the Court also noted that the unnamed officers were never defendants in this action.

On this motion, Plaintiff appears to argue first that the Court should reconsider the January 2007 dismissal and reinstate his claims against the government Defendants because their failure to control and train their agents led to the violation of Plaintiff's civil rights; and second, that the Court should permit him to amend his Complaint to include the two John Doe officers whose actions directly violated his civil rights.

## II.   STANDARD FOR RECONSIDERATION

To the extent Plaintiff seeks reconsideration of the Court's dismissal, Fed. R. Civ. P. 59(e) and Local Civil Rule 7.1(i) govern.  Rule 59(e) permits parties to seek alteration or

amendment of a judgment.  A motion under Rule 59(e) is a "device to relitigate the original issue" decided by the district court, and is used to allege legal error.  United States v. Fiorelli, 337 F.3d 282, 288 (3d Cir. 2003) (citations omitted).

Local Civil Rule 7.1(i) requires that the moving party set forth the factual matters or controlling legal authority that it believes the court overlooked when rendering its initial decision.  L. Civ. R. 7.1(i).  Whether to grant reconsideration is a matter within the district court's discretion, but it should only be granted where such facts or legal authority were indeed presented but overlooked.  DeLong Corp. v. Raymond Int'l Inc., 622 F.2d 1135, 1140 (3d Cir. 1980), overruled on other grounds by Croker v. Boeing Co., 662 F.2d 975 (3d Cir. 1981); Williams v. Sullivan, 818 F. Supp. 92, 93 (D.N.J. 1993).

As explained below, Plaintiff's motion for reconsideration shall be denied.

**A.   Motion for Reconsideration**

1.   Motion for Reconsideration is Untimely

A motion to alter or amend judgment under Fed. R. Civ. P. 59(e) must be brought within ten days of the entry of the judgment.  Here, Plaintiff filed the motion on February 2, 2007, almost a month after the Court's January 3, 2007 Opinion. Application of the Rules requires the Court to deny the motion for reconsideration.  While the Court has discretion to relax

this requirement, it declines to do so in this instance, having already relaxed the ten-day deadline for Plaintiff's first motion for reconsideration.  Therefore, the Court denies Plaintiff's motion for reconsideration because it is untimely.

> 2. <u>Motion for Reconsideration Fails to Claim Any New Law, New Evidence, or Any Error of Law Made by the Court</u>

Moreover, even if the motion were timely, the Court would deny it because it does not assert a proper basis for reconsideration.  Parties moving for reconsideration must show that the availability of new law, new evidence, or an error in applying the law justifies reconsideration.  "A party seeking reconsideration must show more than a disagreement with the court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden."  <u>Panna v. Firstrust Sav. Bank</u>, 760 F. Supp. 432, 435 (D.N.J. 1991) (internal citations omitted).  Instead, "the party seeking reconsideration [must show] at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available ...; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice."  <u>Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros</u>, 176 F.3d 669, 677 (3d Cir. 1999).

Local Civil Rule 7.1(i) does not allow parties to restate

arguments that the court has already considered.  Thus, a difference of opinion with a court's decision should be dealt with through the normal appellate process.  <u>Florham Park Chevron, Inc. v. Chevron U.S.A., Inc.</u>, 680 F. Supp. 159, 162 (D.N.J. 1988); <u>see</u> <u>also</u> <u>Chicosky v. Presbyterian Medical Ctr.</u>, 979 F. Supp. 316, 318 (D.N.J. 1997); <u>NL Industries, Inc. v. Commercial Union Ins. Co.</u>, 935 F. Supp. 513, 516 (D.N.J. 1996) ("Reconsideration motions . . . may not be used to re-litigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.").  Furthermore, the court will grant a motion for reconsideration only if the movant establishes that the court overlooked "dispositive factual matters or controlling decisions of law."  <u>See</u> <u>Rouse v. Plantier</u>, 997 F. Supp. 575, 578 (D.N.J. 1998); <u>Starr v. JCI Data Processing, Inc.</u>, 767 F. Supp. 633, 635 (D.N.J. 1991).  Again, however, "the court may, in the exercise of its discretion, consider evidence offered for the first time on a motion for reargument, particularly if the evidence may lead to a different result."  Former L. Civ. R. 7.1 cmt 6.f.

    Plaintiff's motion for reconsideration restates his § 1983 argument against the government Defendants.  Plaintiff alleges the Camden Police Department "has. . .a policy of intimidating black people" and that its "failure to train its officers" constitutes a policy that caused the constitutional violation

alleged in this case. (Pl. Mot. for Reconsideration at 5-6.)

Additionally, Plaintiff restates his argument that the failure of

the Camden County Prosecutor's Office "to take some action to

control its agents" in the face of an "existing practice . . .

likely to result in the violation of constitutional rights"

constitutes deliberate indifference.  (Id. at 5.) (quoting Natale

v. Camden County Corr. Facility, 318 F.3d 575, 584 (3d Cir.

2003)).  Plaintiff contends the failure to act and intimidation

by government Defendants constitute a proper basis for a § 1983

claim.

     However, Plaintiff's motion is denied because it fails to

allege any change in the controlling law, new evidence, or legal

error that would justify this Court reconsidering its prior

decision.  Instead, Plaintiff merely restates his initial claim

and prior arguments.  Repetition of prior arguments does not

provide sufficient basis for reconsideration.  See NL Industries,

Inc., 935 F. Supp. at 516.  Instead, Plaintiff's difference of

opinion with the Court's decision may only be dealt with through

the normal appellate process.  See Florham Park Chevron, Inc.,

680 F. Supp. at 162.  Therefore, Plaintiff's motion for

reconsideration is denied.

**B.   Motion to Amend the Complaint**

     Furthermore, to the extent that Plaintiff's motion may be

construed as a motion to amend the complaint, it shall also be

denied pursuant to Federal Rule of Civil Procedure 15(c) and
Local Civil Rule 7.1(f).  The motion fails to include an amended
complaint, fails to relate back to the initial pleading and is
therefore untimely, and fails to name the specific defendants to
be added.

### 1. Failure to File Proposed Amended Complaint

Plaintiff includes no proposed amended complaint with his
motion as Local Civil Rule 7.1(f) requires.  See also Centifanti
v. Nix, 865 F.2d 1422, 1431 n.10 (3d Cir. 1989) (stating "the
better practice to be followed in filing a motion to amend a
complaint is to attach with the motion a copy of a proposed
amended complaint"); 6A Wright, Miller & Kane, Federal Practice
and Procedure Civ. 2d § 1485 (2006).  Local Civil Rule 7.1(f), in
fact, requires that a plaintiff attach a copy of the proposed
amended complaint to any motion for leave to amend, see L. Civ.
R. 7.1(f), and failure to comply with this rule has resulted in
the denial of such motions.  See Avatar Bus. Connection v. Uni-
Marts, 2005 U.S. Dist. LEXIS 18117 (D.N.J. Dec 29, 2005); see
also Lake v. Arnold, 232 F.3d 360, 374 (3d Cir. 2000) (reasoning
"failure to provide a draft amended [pleading] would be an
adequate basis on which the court could deny the . . . request").
Therefore, under L. Civ. R. 7.1(f), this Court will deny
Plaintiff's motion for failing to provide a draft amended
pleading.

2. <u>Failure to Relate Back to the Initial Pleading</u>

Furthermore, Plaintiff seeks to add claims against unnamed "John Doe" officers.  Plaintiff's attempted new claims against new parties are barred by the statute of limitations unless his proposed amendment relates back to the date of the original pleading under Fed. R. Civ. P. 15(c)[2].

Civil rights claims are best characterized as personal injury actions and are governed by the applicable state's statute of limitations for personal injury actions.  <u>Hardin v. Straub</u>, 490 U.S. 536, 539 (1989).  Accordingly, New Jersey's two year limitation period on personal injury actions, N.J. Stat. Ann. § 2A:14-2, governs Plaintiff's claims.  See <u>Montgomery v. DeSimone</u>,

---

[2] An amended pleading may relate back to the initial pleading when:

> (1) relation back is permitted by the law that provides the statute of limitations applicable to the action, or
> (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or
> (3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) [120 days in this instance] for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

Fed. R. Civ. P. 15(c).

159 F.3d 120, 126 n.4 (3d Cir. 1998); <u>Cito v. Bridgewater Township Police Dept.</u>, 892 F.2d 23, 25 (3d Cir. 1989).  Under N.J. Stat. Ann. § 2A:14-2, an action for an injury to the person caused by a wrongful act, neglect, or default must be commenced within two years of accrual of the cause of action.  <u>Cito</u>, 892 F.2d at 25; <u>accord</u> <u>Brown v. Foley</u>, 810 F.2d 55, 56 (3d Cir. 1987).

Thirty-five untolled months[3] have elapsed since the proposed defendants allegedly violated Plaintiff's civil rights, barring the claim under the two-year statute of limitations unless the claim relates back.  Rule 15(c) governs whether Plaintiff's amended complaint relates back to the date of the original pleading.  Fed. R. Civ. P. 4(m) & 15(c); <u>Singletary v. Pa. Dept. of Corr.</u>, 266 F.3d 186, 189 (3d Cir. 2001); <u>Urrutia v. Harrisburg County Police Dept.</u>, 91 F.3d 451, 457 (3d Cir. 1996).  First, Plaintiff must demonstrate that the additional claim arose out of the same conduct as the original pleading.  Fed. R. Civ. P. 15(c)(2).  Second, "the newly named party must have 'received such notice of the institution of the action [within 120 days of the complaint] so that the party will not be prejudiced in

---

[3] The thirty-five non-tolled months were calculated by subtracting the ten tolled months when Plaintiff alleges his attorney misled him into believing a claim had been filed (August 2004 to June 2005) from the forty-five months that have elapsed between the date of the incident (March 28, 2003) and the date this motion was filed (February 2, 2007).

10

maintaining a defense on the merits.'" <u>Singletary</u>, 266 F.3d at

189 (quoting Fed. R. Civ. P. 15(c)(3)(A) and Fed. R. Civ. P.

4(m)).  Third, "the newly named party must have known, or should

have known [within 120 days] that 'but for a mistake' made by the

plaintiff concerning the newly named party's identity, 'the

action would have been brought against' the newly named party in

the first place." <u>Singletary</u>, 266 F.3d at 189 (quoting Fed. R.

Civ. P. 15(c)(3)(B)).  <u>See</u> <u>also</u> 6A Charles Alan Wright & Arthur

R. Miller, <u>Federal Practice and Procedure</u> § 1497 (1990) ("A

failure of notice will prevent relation back.").

    Here, the claim against the John Doe police officers arises

out of the same conduct set forth in the initial pleading, but

the unnamed officers in question would not have known that

Plaintiff intended to bring an action against them and they would

be prejudiced by these new claims eleven months after the

expiration of the statute of limitations.  <u>See</u> <u>Urrutia v.</u>

<u>Harrisburg County Police Dep't</u>, 91 F.3d 451, 457-58 (3d Cir.

1996); <u>Craig v. Salamone</u>, 1999 WL 213368 at *6 (E.D. Pa. Apr. 8,

1999) (denying motion to amend complaint to add Borough as

additional defendant four years after initial pleading when

Police Department was already named).  The John Doe officers were

not named defendants in the original complaint and therefore they

were not on notice of the § 1983 claim against them within the

two-year statute of limitations period.  Indeed, the unnamed

officers are still unidentified and even now remain uninformed that these claims were directed at them.  As the claim against the officers does not relate back to the original complaint, the § 1983 claim against the officers will be dismissed as untimely filed.

              3. <u>Failure to Plead Against Specific Officers</u>

More importantly, Plaintiff still has not identified the defendants he seeks to add.  "Fictitious party names may be used 'at least until reasonable discovery permits the actual defendants to assume their places . . .', however, . . . '[f]ictitious names must eventually be dismissed, if discovery yields no identities.'"  <u>Atlantic Used Auto Parts v. City of Philadelphia</u>, 957 F.Supp. 622, 625 (E.D.Pa. 1997) (citations omitted)).  In this case, Plaintiff's attempt to add "John Doe" officers as defendants will be denied.  After a year and a half of motion practice, Plaintiff has failed to identify these defendants.  It would be inappropriate to add fictitious defendants at this late date.

## VI.   CONCLUSION

For the foregoing reasons, the Court shall deny Plaintiff's motion for reconsideration and/or to amend the complaint.   An accompanying Order shall be entered.


**March 2, 2007**                              **s/ Jerome B. Simandle**
Date                                  Jerome B. Simandle
                                      U.S. District Judge