```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| ABDUS SALAAM MALIK, | HONORABLE JEROME B. SIMANDLE |
| Plaintiff, | CIVIL NO. 05-3901 (JBS) |
| v. | |
| LEWIS HANNAH, et al., | **MEMORANDUM OPINION** |
| Defendants. | |

**Simandle, District Judge:**

This matter is before the Court on two motions - a motion to vacate the Clerk's entry of default by Defendant Hannah and a motion for default judgment against Hannah by Plaintiff Malik. For the following reasons, the Court shall grant the motion to vacate default and deny the motion for default judgment as moot:

1.  Pursuant to Fed. R. Civ. P. 55(c), the Court may set aside an entry of default for good cause shown. In determining whether to set aside an entry of default, the Court looks at (1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; and (3) whether the default was the result of the defendant's culpable conduct. Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000). However, "[a] motion to set aside a default is addressed to the discretion of the court [and a]ny doubt should be resolved in favor of setting aside defaults so that cases may be decided on their merits." Alopari v. O'Leary, 154 F. Supp. 78, 80-81 (E.D. Pa. 1957).

2.   Further, The Third Circuit disfavors the entry of default judgment and prefers instead for cases to "be decided on their merits."  <u>United States v. $ 55,518.05 in U.S. Currency</u>, 728 F.2d 192, 194-95 (3d Cir. 1984).  Ultimately, however, entry of default judgment is a matter of the district court's discretion.  <u>Hritz v. Woma Corp.</u>, 732 F.2d 1178, 1180 (3d Cir. 1984).

3.   In this matter, Defendant Hannah has moved to vacate the Clerk's entry of default.  Defendant argues that he has meritorious defenses as to Plaintiff's claims of ineffective assistance of counsel, namely that he advised Plaintiff nine months before the statute of limitations ran on his claims that he would not be representing him and that he should obtain another lawyer if he wished to pursue the matter and that Plaintiff did not suffer the permanent injuries he alleges.  Defendant also explains that he negligently and not willfully failed to timely respond to the Complaint in this matter because he believed that another attorney, whom he timely contacted after being served with the Complaint, had agreed to represent Defendant.  Defendant claims that lawyer had initially referred Plaintiff to Defendant and thus later informed Defendant that he could not represent him because there might be a conflict of interest between the two lawyers.

4.   Defendant indicates that he was unaware, however, that the lawyer he thought was representing him failed to answer the Complaint.

5.   A motion to vacate default is governed by Rule 55 of the Federal Rules of Civil Procedure.  Under Fed. R. Civ. P. 55(c), "[f]or good cause shown the court may set aside an entry of default . . . ."  The standard for "good cause" is similar to the standard for setting aside a default judgment under Fed. R. Civ. P. 60(b).  Gold Kist, Inc. v. Laurinburg Oil Co., 756 F.2d 14, 19 (3d Cir. 1985).  Because Defendant has shown good cause for setting aside default, Defendant's motion will be granted.

6.   In determining whether good cause exists to set aside default, the threshold issue is whether a meritorious defense has been asserted.  See Hritz, 732 F.2d at 1181.  Although the defendant need not prove its "meritorious defense" at this stage, "a defendant seeking to set aside a default judgment [must] set forth with some specificity the grounds for his defense . . . [and] the court must then evaluate that defense to determine whether it is meritorious."  Harad, 839 F.2d at 982.  Here, the Court finds that Defendant has put forth, with sufficient specificity, the grounds for a meritorious defense.  If a jury were to conclude that the facts alleged by Defendant are true, that is that Defendant never agreed to represent Plaintiff, then the jury would find in Defendant's favor.  Thus, Defendant has

set forth enough of his defense for the Court to determine that, if believed, Defendant's defense may be meritorious.  See Harad, 839 F.2d at 982.

    7.   The Court must also determine whether the default was the result of Defendant's culpable conduct.  To make this determination, "the Court must look at whether the defendant acted with 'willfulness' or 'bad faith' by failing to respond to the Complaint."  Jimenez, 2006 U.S. Dist. LEXIS 82860 at *10 (quoting Hritz, 732 F.2d at 1180).  "Conduct beyond mere negligence is required."  Id.  Here, it appears that Defendant's failure to answer was a result of pure negligence rather than bad faith.  Consequently, the Court concludes that allowing an entry of default to remain at this early stage of litigation would produce an unfair result.

    8.   Finally, in determining whether to set aside an entry of default, the Court must determine whether a plaintiff will be prejudiced.  Here, there is no showing that Plaintiff will be unfairly prejudiced by setting aside the Clerk's entry of default.  Although significant time has passed since Defendant was required to answer the Complaint, there is no indication that Plaintiff will be less able to litigate his claims against Defendant than when the litigation commenced against him, approximately one year ago.

    9.   In looking at the totality of the circumstances, allowing default to remain would be unfair in light of Defendant's potentially meritorious defense and because Defendant's delay in answering the Complaint was not a result of Defendant's culpable conduct.  Moreover, vacating default at this stage in the litigation does not appear to unfairly prejudice Plaintiff.  Consequently, the Court will Order the Clerk to vacate the entry of default.

    10.  Therefore, Plaintiff's motion for entry of default judgment shall be denied as moot.  Defendant Hannah will have fourteen (14) days from the entry of the accompanying Order to submit his opposition to Plaintiff's summary judgment motion.  An appropriate Order shall be entered.


**September 27, 2007**                            **s/ Jerome B. Simandle**
Date                                           JEROME B. SIMANDLE
                                                  U.S. District Judge