```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| ABDUS SALAAM MALIK, | HONORABLE JEROME B. SIMANDLE |
| Plaintiff, | CIVIL NO. 05-3901 (JBS) |
| v. | |
| LEWIS HANNAH, et al., | **MEMORANDUM OPINION** |
| Defendants. | |

**Simandle, District Judge:**

This matter comes before the Court pursuant to Plaintiff's motion for summary judgment [Docket Item 39]. For the reasons explained below, the Court shall grant Plaintiff's motion for summary judgment as unopposed and shall enter an Order holding Defendant Hannah liable for failing to timely file Malik Hannah's Complaint in the underlying civil action. Plaintiff will have to prove to the Court that his intended lawsuit was likely to succeed, as well as his damages, in order to recover a judgment. The Court finds as follows:

1. Plaintiff Abdus Salaam Malik filed this action on August 4, 2005, claiming legal malpracticce by his former attorney, Defendant Lewis Hannah. This Court has jurisdiction due to diversity of citizenship, as Malik was a resident of New Jersey and is currently confined in New York, while Defendant Hannah is a citizen of Pennsylvania. See 28 U.S.C. § 1332. After receiving several extensions of time, Plaintiff finally served

Defendant Hannah on June 26, 2006.  Hannah never answered the Complaint and the Clerk's entry of default was entered against him on March 2, 2007.

    2.  On March 26, 2007 Plaintiff moved for default judgment, which eventually triggered Defendant Hannah's attention.  On April 13, 2007 Hannah moved to set aside the Clerk's entry of default and opposed the entry of default judgment.

    3.  On June 11, 2007 Plaintiff filed a motion for summary judgment, which of course, Defendant could not oppose until the Clerk's entry of default was removed.

    4.  In an Opinion and Order dated September 25, 2007, this Court addressed these motions.  In that decision, the Court explained that the default was a result of Defendant Hannah's negligence but that "allowing default to remain would be unfair" and, therefore, vacated the clerk's entry of default and denied the motion for default judgment.

    5.  The Court also ordered Defendant Hannah to submit his opposition to Plaintiff's pending summary judgment motion within fourteen days from the entry of that Order, which was September 27, 2007.

    6.  Thus Defendant's time to oppose summary judgment [Docket Item 39] expired on October 11, 2007.  Five months have passed since that date and Defendant Hannah still has not opposed the motion.

7.  To prove a claim for legal malpractice in New Jersey, Plaintiff Malik must demonstrate "'(1) the existence of an attorney-client relationship creating a duty of care upon the attorney; (2) the breach of that duty; and (3) proximate causation.'" Conklin v. Hannoch Weisman, 145 N.J. 395, 416, 678 A.2d 1060, 1070 (1996) (quoting Lovett v. Estate of Lovett, 250 N.J. Super. 79, 87 (Ch. Div. 1991)).  In the present case, Malik has proferred the following evidence: that he was beaten by Camden police officers in his home[1], in violation of the Fourth Amendment, on March 28, 2003; that he was permanently injured and became unable to work because of the beating; that he visited Defendant Hannah seeking legal counsel in April 2003 and that, after explaining that he would take a 1/3 contingency fee from any recovery, Hannah agreed to represent Malik in an action against the individual police officers who allegedly assaulted him and the responsible government entity; that in August 2004 Hannah reassured Plaintiff that he was representing him and everything was going fine; that Plaintiff incurred $12,272.59 in medical expenses as a result of the police brutality; that his home has property damage as a result of the police action; and that Hannah failed to timely file a civil action against the police officers or the City or County of Camden; that Hannah

---

[1] Plaintiff is uncertain whether the officers were employed by Camden County or the City of Camden.

informed Plaintiff sometime in March 2005, while Plaintiff was incarcerated, that he would not take the case, but did not return Plaintiff's records to him until June 2005, after the two-year statute of limitations on his police brutality claims had expired. No opposition appears, so no material facts are in dispute with respect to the first two elements of professional malpractice, namely, (1) that Defendant owed Plaintiff a duty of reasonable legal representation and (2) that Defendant breached that duty by failing to initiate a civil lawsuit as requested within the limitations period for doing so.

8.   Plaintiff filed this action pro se in August 2005 against Lewis Hannah. Plaintiff alleged that Hannah committed legal malpractice by failing to file a Complaint on his behalf for more than two years after his March 28, 2003 incident, thereby permitting the statute of limitations to run on his claims. Plaintiff filed his First Amended Complaint on November 14, 2005 [Doc. No. 5] and added the Camden County Prosecutor's Office and the Camden County Police Department On February 22, 2006, this Court issued an Opinion and Order denying Plaintiff's application to proceed *in forma pauperis* and dismissing *sua sponte*, pursuant to 28 U.S.C. § 1915, Plaintiff's causes of action against the Camden County Defendants, finding that they were barred by the two-year statute of limitations. [Docket Items 12 and 13]. The Court held, however, that Plaintiff could

4

proceed with his state law legal malpractice causes of action against Hannah.

9. On June 19, 2006, Plaintiff filed a Motion for Reconsideration of the February 22, 2006 Opinion and Order, arguing that the statute of limitations should be tolled as to the Camden County Defendants. This Court's January 3, 2007 Opinion and Order granted Plaintiff's Motion for Reconsideration insofar as it tolled the statute of limitations for Plaintiff's claims against the Camden County Defendants. This Court held that equitable tolling should apply to Plaintiff's causes of action against these parties. Nevertheless, the Court dismissed Plaintiff's claims against the Camden County Defendants that were based solely on a theory of *respondeat superior* because this is not a proper basis to assert a valid claim against a municipal defendant.

10. Plaintiff filed a second Motion for Reconsideration on February 2, 2007, arguing that the Court should reconsider its January 3, 2007 Opinion and Order and grant him leave to amend his complaint to include two John Doe police officers. The Court denied Plaintiff's second Motion for Reconsideration in its March 2, 2007 Opinion and Order [Docket Items 29 and 30] because Plaintiff failed to allege a change in controlling law, new evidence or legal error to warrant reconsideration. The Court also denied Plaintiff's request to include claims against the

John Doe police officers because (1) the claims against the John Doe police officers failed to relate back pursuant to Fed. R. Civ. P. 15(c) and were, therefore, untimely; and (2) it would be inappropriate to add fictitious defendants that still had not been identified after a year and a half of motion practice. However, Plaintiff was granted permission to seek to amend his Complaint "with any timely filed claims he may have."

11.  Plaintiff thereafter filed a motion to amend on April 10, 2007, seeking to add, for the first time, the City of Camden and the Camden Police Department, as well as, for the second time, to add John Doe officers.  Judge Schneider granted the motion to amend to add the City of Camden.  The other parties were barred, but not on statute of limitations grounds.  To this date, Plaintiff has not named the individual officers whom he believed assaulted him. (It is unclear to the Court, and perhaps to Plaintiff, whether the officers who allegedly assaulted him were Camden County or Camden City police officers.)

12.  What cannot be determined at this time, because of the lack of evidence presented by Plaintiff, is whether the Defendant's negligence actually caused any harm to Plaintiff. The Plaintiff must prove that his civil case was more likely than not to be successful and that he would have been likely to receive damages from the intended defendants therein for breach


of civil rights.[2]  Plaintiff's papers are too sketchy as to the actual facts of his intended civil rights case to make such a determination now.  Because of this Court's determination that Hannah's negligence permitted the tolling of the statute of limitations from April 2003 to June 2005, it is not clear what damage this negligence could have caused to Plaintiff's pursuit of his case.  It does not appear that any defendant who has been dismissed from this action was dismissed as a result of Hannah's delay or his failure to comply with a statute of limitations.

13.  Therefore, the Court shall grant Plaintiff's motion for summary judgment as unopposed, in part.  Plaintiff is entitled to judgment as a matter of law against Defendant Hannah that Hannah negligently failed to pursue Plaintiff's civil rights action against Camden County or City police officers who allegedly invaded the rights of Plaintiff and his family[3] on March 28, 2003, and that Hannah falsely assured Plaintiff that the action had been filed, when in fact it had not.  These failures allegedly harmed Plaintiff's pursuit of his related civil action.

---

[2]  In other words, Plaintiff must provide evidence that there are defendants against whom he cannot be successful now because of Hannah's negligence.  This is a difficult task, considering no defendant has thus far been barred on statute of limitations grounds.

[3]  Plaintiff may only seek to recover damages on his own behalf, and not on behalf of other family members.  While a plaintiff in federal court may represent himself, he cannot represent others unless he is an attorney admitted to the bar of this Court.  See 28 U.S.C. § 1654.

That allegation is unopposed and, therefore, Plaintiff is entitled to partial summary judgment.  Plaintiff's testimony on this point, if not opposed, would be sufficient evidence from which a reasonable jury could find Defendant liable.  Thus, pursuant to Fed. R. Civ. P. 56(d), the Court shall grant partial summary judgment against Hannah declaring liability for legal malpractice, that is, that Defendant breached a duty of reasonable legal representation that he owed to Plaintiff.  No determination is made, however, whether that negligence caused actual harm to Plaintiff and, if so, how that harm can be measured.  Plaintiff retains the burden of establishing that he has actually been harmed by Hannah's inattentiveness, i.e., that Plaintiff would have succeeded in a civil action against the police but for Hannah's negligence and that he cannot now succeed.  An accompanying Order shall be entered.

**March 31, 2008**                              **s/ Jerome B. Simandle**
Date                                             Jerome B. Simandle
                                                 U.S. District Judge