[Doc. No. 74]

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

CHAMBERS OF
**JOEL SCHNEIDER**
UNITED STATES MAGISTRATE JUDGE

MITCHELL H. COHEN COURTHOUSE
1 John F. Gerry Plaza, Room 2060
CAMDEN, NJ 08101-0887
(856) 757-5446

**LETTER ORDER**
**ELECTRONICALLY FILED**
January 28, 2009

Abdus Salaam Malik
#40863-050
FCI Ray Brook
P.O. Box 9003
Ray Brook, NY 12977

RE: **Malik v. Hannah, et al.**
    **Civil No. 05-3901 (JBS)**

Dear Mr. Malik:

This Letter Order grants your "Motion Seeking an Extension of Time to Comply with Court's Amended Scheduling Order and Request to be Provided with Joint Final Pretrial Order." [Doc. No. 74]. Attached is a copy of the form of Final Pretrial Order the court uses. Also attached is another copy of the Court's January 5, 2009 Order [Doc. No. 73] and June 2, 2008 Order [Doc. No. 69]. The new date for plaintiff to serve his Final Pretrial Order on defendants is February 20, 2009. Mr. Cieslewicz shall be responsible for the final preparation and submission of the Order to the Court by March 13, 2009. All defendants shall serve Mr. Cieslewicz with their proposed Orders by February 27, 2009.

Very truly yours,

s/ Joel Schneider

JOEL SCHNEIDER
United States Magistrate Judge

JS:jk
cc: Hon. Jerome B. Simandle
    All Counsel

June, 2000

# INSTRUCTIONS AND DIRECTIVES FOR THE ASSISTANCE OF COUNSEL IN PREPARING THE JOINT FINAL PRETRIAL ORDER IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY, CAMDEN VICINAGE

## 1. ADDITIONAL DISCOVERY

When a discovery deadline is set forth in a Scheduling Order or Discovery Order, it is the clear order of the court that all discovery is to be completed within the given time period. Interrogatories and requests to produce should not be served so as to require the answering party to complete them outside the discovery period. Any applications for an extension of the discovery period shall be made **prior to the expiration of the discovery deadline** and shall initially be made to the court via letter request, in accordance with Local Civil Rule 37.1.

## 2. EXPERT WITNESSES

In any case where a party intends to present expert testimony, the Scheduling Order will set forth dates by which each party must submit the information required by Rule 26(a)(2), Federal Rules of Civil Procedure. Any applications for an extension of the expert report deadlines shall be made **prior to the expiration of the deadline** and shall initially be made to the court via letter request, in accordance with Local Civil Rule 37.1.

Any expert for whom such information is not provided in accordance with the Scheduling Order shall not be permitted to testify at the time of trial.

The Scheduling Order will set forth deadlines by which expert depositions may be conducted, in accordance with Rule 26(b)(4), if the parties choose to take such depositions.

## 3. JOINT FINAL PRETRIAL ORDER

The Joint Final Pretrial Order must be signed by all counsel and submitted to the United States Magistrate Judge in accordance with the directives in the Scheduling Order. Attorneys who submit a proposed Joint Final Pretrial Order to the court that indicates they have not followed the form and instructions that are provided herewith greatly impede the processing of litigation in this court and create burdens for the court and its staff which are unnecessary. A persistent pattern of conduct in this regard by any attorney will result in the imposition of sanctions.

The Joint Final Pretrial Order is the most important order that is submitted to the court prior to trial. A form of the Joint Final Pretrial Order, with more specific instructions, is attached hereto. It shall be signed by all counsel and shall reflect the effort of all counsel. It is the document that members of the court use for immediate reference to determine the nature of your

case.

The form given to counsel should be appropriately enlarged in cases where there are multiple parties. In such cases, for purposes of clarity, wherever the form calls for facts, arguments, witnesses, or other evidence as to "plaintiff" or "defendant," counsel should delineate the required information for each party or third-party, being certain to give the name of the party for whom the information is provided. **The form is a guide. It is to be retyped and not used as a "fill in the blanks" form.**

It is hoped that counsel will meet to complete the Joint Final Pretrial Order. In any event, plaintiff's counsel should complete plaintiff's portion of the Order sufficiently in advance of the due date for the entire Order so as to give each defense attorney at least four full working days to complete the defense portion of the Order.

**When the Joint Final Pretrial Order is completed, it should be returned to plaintiff's counsel who shall be charged with delivering the original and two copies of the Order to the court, with sufficient copies for all counsel.**

The Joint Final Pretrial Order shall designate the assigned District Judge in the caption and shall be submitted on 8 ½ x 11 paper. Upon completion, it shall be mailed or hand delivered to:

> [Hon. Robert B. Kugler] or [Hon. Joel B. Rosen]
> United States Magistrate Judge
> Mitchell H. Cohen U.S. Courthouse
> One Gerry Plaza
> Fourth and Cooper Streets
> Camden, NJ 08101

In the event the Joint Final Pretrial Order is to be delivered to the court at the Final Pretrial Conference, the Order will be reviewed by the Magistrate Judge at the conference and entered upon the record. Another purpose of the Final Pretrial Conference is to attempt to settle the action. For that reason, at that conference, each party must be represented by an attorney who is vested with full settlement authority. Clients are to be either present or on call so that any settlement proposals made at the conference can be immediately conveyed.

Sanctions may be imposed for the unexcused failure of counsel to cooperate in submitting the Joint Final Pretrial Order when due, or for failing to obey a Scheduling Order or Discovery Order. See Rules 16(f) and 37(b)(2) and (g), Federal Rules of Civil Procedure.

Once the Joint Final Pretrial Order is entered upon the record, it shall only be modified in exceptional circumstances "to prevent manifest injustice." Fed. R. Civ. P. 16(e). All requests to

amend the Joint Final Pretrial Order shall be made by formal motion.

4. **FINAL PRETRIAL CONFERENCE**
The date of the Final Pretrial Conference will be set forth in the Scheduling Order and shall be held in accordance with Fed. R. Civ. P. 16(d). If a summary judgment or other dispositive motion is pending before the District Judge at the time of the Final Pretrial Conference, the conference may be postponed until such time as the motion is resolved. In such circumstances, counsel shall inform the Magistrate Judge of such pending motion in advance of the scheduled Final Pretrial Conference date.

5. **SETTLEMENT CONFERENCES**
Settlement conferences will be held prior to the submission of the Joint Final Pretrial Order upon the request of any counsel or upon Order of the court.

6. **TRIAL DATE and PRETRIAL SUBMISSIONS TO THE COURT**
The trial date set forth by the court is firm. Any application concerning the trial date should be directed to the District Judge assigned to the action.

Counsel are advised that the failure to submit trial briefs, voir dire questions, and requests to charge or proposed findings of fact and conclusions of law when required is a serious matter which will be dealt with by the District Judge.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE
HONORABLE _____

(Plaintiffs)

v.

(Defendants)

Civil No. _____

(Indicate Jury or Non-Jury)

## JOINT FINAL PRETRIAL ORDER

The following shall constitute the Final Pretrial Order pursuant to Rule 16, Federal Rules of Civil Procedure. This Final Pretrial Order shall govern the conduct of the trial of this case. Amendments to this Order will be allowed only in exceptional circumstances to prevent manifest injustice. See Fed. R. Civ. P. 16(e). Counsel are urged to move to amend in a timely fashion any portion of the Order that must be changed or modified between the filing of the Order and the trial date.

**APPEARANCES:**




**PART I.     JURISDICTION and BRIEF SUMMARY OF THE CASE:**
Counsel shall specifically set forth the jurisdictional basis of this action as well as a brief summary of the claims and defenses.


**PART II.    STIPULATED FACTS:**
Stipulated facts shall be set forth in numbered paragraphs.

4

**PART III.**   **EACH PLAINTIFF'S CONTESTED FACTS:**

    1. Plaintiff intends to prove the following contested facts with regard to liability:

    2. Plaintiff intends to prove the following contested facts with regard to damages:

**PART IV:**   **EACH DEFENDANT'S CONTESTED FACTS:**

    1. Defendant intends to prove the following contested facts with regard to liability:

    2. Defendant intends to prove the following contested facts with regard to damages:

**PART V:**   **WITNESSES and SUMMARY OF TESTIMONY:**

Only the witnesses whose <u>names and addresses</u> are listed herein will be permitted to testify at the time of trial. For each witness listed, there must be a <u>description of their testimony</u>. Any objection to a witness must be noted by opposing counsel and for each such witness objected to, the name of the witness and the reason for the objection shall be given.

    A.    <u>Plaintiff's Witnesses and Summary of Their Testimony</u>

        1.    Plaintiff intends to call the following witnesses with regard to liability and anticipates they will testify as follows:

        2.    Plaintiff intends to call the following witnesses with regard to damages and anticipates they will testify as follows:

    B.    <u>Defendant's Objections to Plaintiff's Witnesses:</u> If there are no objections to any of the witnesses, defendant shall so state that in this portion of the Order. If there are objections to any of plaintiff's witnesses, they shall be listed here.

    C.    <u>Defendant's Witnesses and Summary of Their Testimony</u>

        1.    Defendant intends to call the following witnesses with regard to liability and anticipates they will testify as follows:

        2.    Defendant intends to call the following witnesses with regard to damages and anticipates they will testify as follows:

    D.    <u>Plaintiff's Objections to Defendant's Witnesses:</u> If there are no objections to any of the witnesses, plaintiff shall so state that in this portion of the Order. If there are objections to any of defendant's witnesses, they shall be listed here.

## PART VI.    EXPERT WITNESSES:

Any prior Scheduling Order of the court concerning experts is applicable to this action and the directives of the Scheduling Order shall govern expert testimony in this case. Any expert not listed in this portion of the Final Pretrial Order shall not be permitted to testify at the time of trial. Additionally, the <u>curriculum vitae</u> of every expert expected to testify at the time of trial shall be attached to this Final Pretrial Order. The <u>curriculum vitae</u> or summary of the expert's qualifications may be read into the record at the time the expert takes the stand, and no opposing counsel shall be permitted to question the qualifications of the expert unless the basis of the objection is set forth in this Final Pretrial Order. No expert will be permitted to testify at trial unless all opposing counsel have received the <u>curriculum vitae</u> of the expert and the information required by Fed. R. Civ. P. 26(a)(2) as directed in the Scheduling Order.

If any hypothetical questions are to be put to an expert witness on direct examination, they shall be written in advance and submitted to the court and counsel prior to commencement of trial.

    1.    Plaintiff's expert witnesses are:

    2.    Defendant's objection to the qualifications of plaintiff's expert witnesses are: (The objections shall be referenced to the name of each listed expert.)

    3.    Defendant's expert witnesses are:

    4.    Plaintiff's objection to the qualifications of plaintiff's expert witnesses are: (The objections shall be referenced to the name of each listed expert.).

## PART VII.  EXHIBITS

In this section of the Final Pretrial Order, counsel should number each proposed exhibit and upon receipt of the exhibit list of an adversary, opposing counsel should prepare a response to this exhibit list indicating as to each exhibit whether there will be an objection and if there is, the nature of the objection.  Absent an extraordinary showing of good cause, **ONLY THE EXHIBITS LISTED BELOW SHALL BE INTRODUCED AT THE TIME OF TRIAL**.  You are not required to list exhibits that will be used, if at all, only for impeachment purposes.

Counsel are reminded that each such exhibit shall be physically pre-marked corresponding to the designation below.  Copies of exhibit lists shall be provided to the District Judge and the assigned court reporter at the time of trial.

    A.    Plaintiff's Exhibits

        1.    Plaintiff intends to introduce the following exhibits into evidence (list by numbers with a description of each exhibit);

        2.    Defendant objects to the introduction of plaintiff's exhibit (set forth number of exhibit and grounds for objection).

    B.    Defendant's Exhibits

        1.    Defendant intends to introduce the following exhibits into evidence (list by number with a description of each exhibit);

        2.    Plaintiff objects to the introduction of defendant's exhibit (set forth number of exhibit and grounds for objection).

## PART VIII.  LAW

    B.    Plaintiff

        1.    Plaintiff's statement of the legal issues in this case:

    C.    Defendant

        2.    Defendant's statement of the legal issues in this case.

**PART IX.   MISCELLANEOUS**

Set forth any additional stipulations of counsel and/or motions on other matters which require action of the court.

Set forth any notice required to be given under Rules 404(b), 609(b), 803(24) and 804(b)(5), Federal Rules of Evidence.

**PART X.   NON-JURY TRIALS (If Applicable)**

No later than seven days prior to the scheduled trial date, counsel for each party shall submit to the District Judge, with a copy to opposing counsel, proposed findings of fact and conclusions of law. There is reserved to counsel the right to submit additional requests during the course of the trial on those matters that cannot reasonably be anticipated.

**PART XI.   JURY TRIALS (If Applicable)**

No later than seven days prior to the scheduled trial date or at such time as the court may direct:

1. Each party shall submit to the District Judge and to opposing counsel a trial brief or memorandum with citations and authorities and arguments in support of the party's position on all issues of law.

2. Each party shall submit to the District Judge and to opposing counsel written requests for charges to the jury. Supplemental requests to charge that could not have been anticipated may be submitted any time prior to the arguments to the jury. All requests for charge shall be on a separate page or pages plainly marked with the name and number of the case; shall contain citations of supporting authorities; shall designate the party submitting the same; and shall be numbered in sequence.

   IF you have the capability, the Proposed Requests for Charge should be submitted on computer disk, Word Perfect format. A paper original for filing, as well as a paper copy, must be provided in any event.

3. Each party shall submit to the judge and to opposing counsel proposed voir dire questions.

EACH OF THESE ITEMS IS TO BE FILED PRIOR TO THE FIRST TRIAL DATE EVEN IF THE CASE IS CONTINUED.

COUNSEL ARE ON NOTICE THAT FAILURE TO PROVIDE TIMELY COMPLIANCE WITH THE REQUESTS OF PART X AND PART XI MAY RESULT IN THE POSTPONEMENT OF TRIAL AND THE ASSESSMENT OF JUROR AND OTHER COSTS AND/OR THE IMPOSITION OF SANCTIONS.

## CONCLUDING CERTIFICATION

We hereby certify by the affixing of our signature to this Final Pretrial Order that it reflects the efforts of all counsel and that we have carefully and completely reviewed all parts of this Order prior to its submission to the court. Further, it is acknowledged that amendments to this Joint Final Pretrial Order will not be permitted except where the court determines that manifest injustice would result if the amendment is not allowed.

Attorney(s) for Plaintiff(s):                    Attorney(s) for Defendant(s):

_____             _____

_____             _____

_____             _____

Entry of the foregoing Joint Final Pretrial Order is hereby APPROVED this _____ day of _____, 2000.

_____
[ROBERT B. KUGLER] or [JOEL B. ROSEN]
UNITED STATES MAGISTRATE JUDGE
United States District Court
For the District of New Jersey

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

CHAMBERS OF
**JOEL SCHNEIDER**
UNITED STATES MAGISTRATE JUDGE

MITCHELL H. COHEN COURTHOUSE
1 John F. Gerry Plaza, Room 2060
CAMDEN, NJ 08101-0887
(856) 757-5446

**LETTER ORDER**
**ELECTRONICALLY FILED**
January 5, 2009

Abdus Salaam Malik
#40863-050
FCI Ray Brook
P.O. Box 9003
Ray Brook, NY 12977

Mark M. Cieslewicz
Office of the City Attorney
City Hall
4th Floor - Suite 419
Po Box 915120
Camden, NJ 08101

Lewis Hannah
1315 Walnut Street
Suite 1326
Philadelphia, Pa 19107

RE: **Malik v. Hannah, et al.**
    **Civil No. 05-3901 (JBS)**

Dear Messrs. Malik, Hannah and Cieslewicz:

The parties did not comply with the Court's June 2, 2008 Amended Scheduling Order [Doc. No. 69] requiring the service of a Joint Final Pretrial Order by October 17, 2008. The Court herein sets a new deadline that must be met or appropriate sanctions will be entered.

It will be necessary for the parties to cooperate in preparing the form Joint Final Pretrial Order. The instructions for preparing the Order can be found on the website at PACER.NJD.USCourts.gov, under Forms (Pretrial Orders). The Joint Final Pretrial Order (**original and two copies for the court, with sufficient copies for all parties**) shall be delivered to the Court by **February 20, 2009**. Plaintiff shall submit his portion of the Final Pretrial Order and serve it on defendants by **January 30, 2009**. Mr. Cieslewicz shall be responsible for final preparation and submission of the Final Pretrial Order.

Very truly yours,

*s/ Joel Schneider*

JOEL SCHNEIDER
United States Magistrate Judge

JS:jk
cc: Hon. Jerome B. Simandle

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| ABDUS SALAAM MALIK,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>LEWIS HANNAH, et al.,<br><br>　　　　Defendants. | Civil No. 05-3901 (RBK) |

## AMENDED SCHEDULING ORDER

IT IS this **30th** day of **May, 2008**, hereby **ORDERED**:

　　1.　Pretrial factual discovery is hereby extended to **July 15, 2008**. All pretrial discovery shall be concluded by that date. All discovery motions and applications pursuant to L. Civ. R. 37.1(a)(1) shall be made before the expiration of pretrial factual discovery.

　　2.　All expert reports and expert disclosures pursuant to FED. R. CIV. P. 26(a)(2) on behalf of plaintiff shall be served upon counsel for defendants no later than **July 15, 2008**. All expert reports and expert disclosures pursuant to FED. R. CIV. P. 26(a)(2) on behalf of defendants shall be served upon plaintiff no later than **August 1, 2008**. Each such report should be accompanied by the curriculum vitae of the proposed expert witness. No expert opinion testimony shall be admitted at trial with respect to any witness for whom this procedure has not been timely followed. Depositions of proposed expert witnesses shall be concluded by **August 15, 2008**.

　　For purposes of this Scheduling Order, treating physicians shall not be considered expert witnesses and shall be treated as fact witnesses who are, however, required to provide reports and records concerning their treatment. However, any doctor who is going to express an opinion as to the cause of a particular condition or as to the future prognosis of a particular condition, shall be considered an expert subject to the requirement of FED. R. CIV. P. 26(a)(2)(B).

　　The parties shall also exchange, in accordance with the foregoing schedule, written statements identifying all opinion testimony counsel and the parties anticipate will be presented at trial pursuant to F. R. EVID. 701 and Teen-Ed v. Kimball International, Inc., 620 F.2d 399 (3d Cir. 1980).

　　3.　**Dispositive Motions**. Dispositive motions shall be filed with the Clerk of the Court no later than **August 15, 2008**. Opposition to the motion should be served in a timely fashion. Counsel are to follow L. Civ. R. 7.1(c), (d) and (e), 56.1 and 78.1 (Motion Practice - Generally).

4. It will be necessary for the parties to cooperate in preparing the form Joint Final Pretrial Order. The instructions for preparing the Order can be found on the website at PACER.NJD.USCourts.gov, under Forms (Pretrial Orders). The Joint Final Pretrial Order (**original and two copies for the court, with sufficient copies for all parties**) shall be delivered to the Court by **October 17, 2008**. Plaintiff shall submit his portion of the Final Pretrial Order and serve it on defendants by **September 26, 2008**. Defendants shall be responsible for final preparation and submission of the Final Pretrial Order.

**THE FAILURE OF A PARTY OR ATTORNEY TO OBEY THIS ORDER MAY RESULT IN IMPOSITION OF SANCTIONS UNDER FED. R. CIV. P. 16(f).**

s/ Joel Schneider
JOEL SCHNEIDER
United States Magistrate Judge