```
         IN THE UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| ABDUS SALAAM MALIK, | HONORABLE JEROME B. SIMANDLE |
| Plaintiff, | Civil No. 05-3901 (JBS/JS) |
| v. | **OPINION** |
| LEWIS HANNAH, et al., | |
| Defendants. | |

APPEARANCES:

Mr. Abdus Salaam Malik
#40863-050
F.C.I. Ray Brook
P.O. Box 9003
Ray Brook, NY 12977
    Plaintiff appearing
    pro se

Lewis Hannah, Esq.
1315 Walnut Street
Suite 1326
Philadelphia, PA 19107
    Defendant appearing
    pro se

Mark Cieslewicz, Esq.
OFFICE OF THE CITY ATTORNEY
City Hall
4th Floor - Suite 419
P.O. Box 915120
Camden, NJ 08101
    Counsel for Defendant
    City of Camden

**SIMANDLE**, District Judge:

   This matter is before the Court on Defendant City of Camden's motion for summary judgment [Docket Item 99], and Plaintiff's motions to compel the City to respond to his interrogatories [Docket Items 92 & 93], to extend the discovery period [Docket Item 94], and to extend time to file dispositive motions and a Joint Final Pretrial Order [Docket Item 98]. All these motions are interrelated, for it appears that as a result

of delays by both parties[1] no discovery has been exchanged in this four year-old case.  For the reasons discussed below, the Court will grant Plaintiff's various motions and order a continuance of Defendant's motion for summary judgment pursuant to Rule 56(f), Fed. R. Civ. P., to allow for the prompt exchange of discovery.

I.   BACKGROUND

For the purposes of this opinion, only a very brief summary of the facts is necessary.  This action arises out of Plaintiff's allegation that City of Camden police officers entered his home without a valid warrant and beat him, leaving him permanently injured and unable to work and causing damage to his property. (Second Am. Compl. ¶ 1.)  Plaintiff further alleges that misconduct result from policies or customs of the City of Camden, including its failure to adequately train the responsible police officers.  (Id. ¶ 2.)

Plaintiff initially brought suit against Lewis Hannah, the Camden County Police Department, and the Camden County Prosecutor's Office [Docket Items 1 & 5], but on September 25, 2007, Magistrate Judge Schneider granted Plaintiff leave to file a second amended complaint against the City of Camden [Docket

---

[1] Plaintiff also brought suit against attorney Lewis Hannah, the Camden County Police Department, and the Camden County Prosecutor's Office, but the Court dismissed his claims against Camden County [Docket Items 26 & 27], and entered default judgment against Hannah [Docket Items 88 & 89], leaving the City of Camden the sole active defendant.

Item 40]. On October 19, 2007, Plaintiff filed his Second Amended Complaint against the City of Camden [Docket Item 45], but the United States Marshall did not serve the City of Camden until April 18, 2008 [Docket Item 61]. During this period, on November 20, 2007, Plaintiff served the City of Camden with detailed interrogatories and a request for documents relating to the identity, training, and prior misconduct of the police officers allegedly involved in the illegal search and beating [Docket Item 62]. On April 24, 2008, Plaintiff filed a motion to compel the City of Camden to respond to his November 2007 discovery requests, which the City of Camden did not oppose [Docket Item 61]. On June 2, 2008, the Judge Schneider denied Plaintiff's motion to compel, noting that Plaintiff served his discovery request on the City before the City had been served with the Second Amended Complaint, but granted Plaintiff leave to re-serve his written discovery [Docket Item 70]. On that same day, Judge Schneider granted Plaintiff's motion to extend discovery and set the following deadlines: factual discovery was to be completed by July 15, 2008 and dispositive motions were to be filed by August 15, 2008 [Docket Items 68 & 69].

On November 3, 2008, Plaintiff re-served his discovery requests on the City of Camden. (Def. Statement of Undisputed Facts ¶ 6.) The City of Camden did not respond to Plaintiff's request. Neither party filed dispositive motions before August 15, 2008.

3

On January 5, 2009, Judge Schneider entered an order referencing the June 2, 2008 schedule and setting a deadline for the Joint Final Pretrial Order [Docket Item 73]. Less than ten days later, Plaintiff prepared a motion for an extension of time to comply with the Court's amended scheduling order, explaining that "he ha[d] not before received this Court's 'June 2, 2008 Amended Scheduling Order [Doc. No. 69]'" [Docket Item 74]. On January 28, 2009, Judge Schneider granted Plaintiff's motion, but only set a new deadline for submission of the Joint Final Pretrial Order [Docket Item 75].

On October 13, 2009, Judge Schneider granted Plaintiff and Defendant City of Camden until November 4, 2009, to file any dispositive motions, thereby extending the previous deadline of August 15, 2008 [Docket Item 13]. On October 16, 2009, Plaintiff filed motions to compel the City to respond to his discovery requests and sought an extension of the discovery period [Docket Items 92-94]. On October 30, 2009, Plaintiff requested an extension of time to file dispositive motions and the Final Pretrial Order [Docket Item 98].

Finally, on November 9, 2009, five days after the extended deadline set by Judge Schneider, the City of Camden filed its motion for summary judgment [Docket Item 99]. The City argues that summary judgment is required because Plaintiff has no proof of municipal liability, through either a policy or custom, to satisfy the requirement of Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978), because he failed to timely pursue discovery.

4

Plaintiff responds that he could not provide such proof because the City has never responded to his discovery requests. The Court will construe Plaintiff's opposition as a request for a continuance pursuant to Rule 56(f), Fed. R. Civ. P. The City of Camden has made no reply to Plaintiff's opposition.

**II.  DISCUSSION**

Rule 56(f), Fed. R. Civ. P., provides: "If a party opposing the [summary judgment] motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may . . . order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken."  Requests for continuance pursuant to 56(f) are to be granted "almost as a matter of course" when "affidavits have been filed, setting forth specific reasons why the moving party's affidavits in support of a motion for summary judgment cannot be responded to, and the facts are in the possession of the moving party." Mid-South Grizzlies v. NFL, 720 F. 2d 772, 779-780 (3d Cir. 1983); see also Hellstrom v. U.S. Dep't of Veterans Affairs, 201 F.3d 94, 97 (2d Cir. 2000) ("Only in the rarest of cases may summary judgment be granted against a plaintiff who has not been afforded the opportunity to conduct discovery.").

The Court finds good cause to grant a continuance pursuant to Rule 56(f), to provide additional time to complete discovery and the Joint Final Pretrial Order, and to order Defendant to

5

respond to Plaintiff's discovery requests.  Though Plaintiff has not expressly moved for a continuance pursuant to Rule 56(f), nor submitted a separate affidavit, he has attested (supported by the docket and the City's own undisputed facts) that he cannot present facts essential to justify his opposition because those facts are in Defendant's possession and Defendant has failed to respond to his discovery requests.  Specifically, Plaintiff has requested evidence regarding the City's failure to train the police officers and evidence of prior instances of misconduct by the same police officers, both of which address Defendant's central argument that they cannot be held liable under Monell. see City of Canton, Ohio v. Harris, 489 U.S. 378, 390 (1989) (failure to train police officers on use of deadly force is grounds for Monell liability); Beck v. City of Pittsburgh, 89 F.3d 966, 973 (3d Cir. 1996) (plaintiffs' claims entitled to reach jury where evidence showed Chief of Police knew "or should have known" of officer's past violent behavior).

While Plaintiff may have re-served his discovery requests after the close of factual discovery, the Court finds, as Judge Schneider found, that he has shown good cause for extending the deadline for factual discovery because he unfortunately did not receive the relevant scheduling order.[2]  The Court will further

---

[2] The Court observes that the City of Camden is not without fault.  The City also failed to meet a deadline in the June 2, 2008 scheduling order, by failing to submit this dispositive motion by August 15, 2008 (presumably, the present grounds for
(continued...)

order the City of Camden to respond to Plaintiff's discovery requests no later than January 25, 2010, noting that the City had not opposed Plaintiff's motion to compel or objected to any aspect of his interrogatories or request for documents, and finding that his discovery requests appear to be highly relevant to his claim against the City, as discussed above, Fed. R. Civ. P. 26(b)(1).  Plaintiff's opposition to Defendant's motion for summary judgment, in which Plaintiff must come forward with evidence from which a reasonable jury could find in his favor against the City of Camden, is then due on February 15, 2010.  The City's reply is due March 1, 2010.

### III. CONCLUSION

For the foregoing reasons, the Court will continue Defendant's motion to summary judgment, grant Plaintiff's motions to compel, to extend discovery, and to extend the deadline for filing dispositive motions.  The Court will set forth an amended schedule compelling the City to promptly respond to the Plaintiff's interrogatories and document production requests and providing a total of sixty days for completing motion practice.[3]

---

[2](...continued)
summary judgment were equally available in August 2008, because the discovery deadline passed on July 15, 2008 without Plaintiff re-serving his discovery requests).  Moreover, Defendant submitted this instant motion only after Judge Schneider sua sponte granted leave for additional time for motion practice, and even then several days after the extended deadline.

[3] The Court so orders, but leaves it to Magistrate Judge Schneider to modify as necessary.  The Court trusts that both
(continued...)

The accompanying Order shall be entered.


**December 30, 2009**                              **s/ Jerome B. Simandle**
Date                                               Jerome B. Simandle
                                                   U.S. District Judge

---

   [3](...continued)
remaining parties will strictly adhere to this scheduling order and any subsequent orders, or face sanctions pursuant to Rule 37(b)(2).