```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| ABDUS SALAAM MALIK, | HON. JEROME B. SIMANDLE |
| Plaintiff, | Civil No. 05-3901 (JBS/JS) |
| v. |  |
|  | **OPINION** |
| LEWIS HANNAH, et al., |  |
| Defendants. |  |

APPEARANCES:

John J. Sullivan, Esq.
Thomas P. Lihan, Esq.
Christine M. Palumbo, Esq.
DECHERT LLP
902 Carnegie Center, Suite 500
Princeton, NJ 08540
    Attorney for Plaintiff

John C. Connell, Esq.
John P. Kahn, Esq.
ARCHER & GREINER, P.C.
One Centennial Square
Haddonfield, NJ 08033
    Attorney for Defendant City of Camden

**SIMANDLE**, Chief Judge:

**I.   INTRODUCTION**

       This matter is before the Court on Defendant City of Camden's motion for relief from order and judgment pursuant to Rules 60(a) and 59(e), Fed. R. Civ. P.  [Docket Item 145.] Defendant requests that, pursuant to Rule 60(a), the Court "correct" Magistrate Judge Schneider's September 25, 2007 Opinion and Order which granted Plaintiff leave to file his Second

Amended Complaint, joining Defendant City of Camden. [Docket Item 40.] Additionally, Defendant moves for reconsideration of the Court's entry of summary judgment against it on June 28, 2011, pursuant to Rule 59(e). [Docket Items 132 & 133.] Defendant, represented by new counsel,[1] essentially requests that the Court now decide, after years of protracted litigation and numerous neglected opportunities for Defendant to raise a statute-of-limitations defense, and after Plaintiff has prevailed on summary judgment as to Defendant's liability, that Plaintiff should never have been granted leave to amend his Complaint to join Defendant City of Camden because Plaintiff's claim was, allegedly, untimely. For the reasons discussed herein, the Court will deny Defendant's motion.

**II.   BACKGROUND**

The facts and procedural history of this protracted action have been recounted by the Court in numerous previous Opinions. See, e.g., Opinions of February 22, 2006 [Docket Item 12], January 3, 2007 [Docket Item 26], March 2, 2007 [Docket Item 29], September 25, 2007 (Magistrate Judge Schneider) [Docket Item 40], March 31, 2008 [Docket Item 57], September 24, 2009 [Docket Item

---

[1] Defendant City of Camden was previously represented by Mark M. Cieslewicz of the Office of City Attorney. New Counsel entered their appearance for Camden on August 4, 2011 [Docket Items 138 & 139].

88], December 30, 2009 [Docket Item 104], and June 28, 2011 [Docket Item 132].  However, as the issues at stake herein involve the sequence of motions and opinions issued in this action, a brief review of the procedural history is again required.

On March 28, 2003, Camden police officers entered Plaintiff's house and, the Court has since determined, subsequently violated Plaintiff's Fourth Amendment right to be free of unreasonable search and seizure, causing him physical injury and property damage.  Malik v. Hannah, 799 F. Supp. 2d 355, 356-57 (D.N.J. June 28, 2011).  A few weeks later, in April of 2003, Plaintiff retained the services of Attorney Lewis Hannah to represent him in a civil rights action against the individual police officers who assaulted him as well as the responsible government entity.  Malik v. Hannah, 661 F. Supp. 2d 485, 487 (D.N.J. Sep. 24, 2009).  Plaintiff reasonably believed that Hannah would file or had already filed such action, at least until March of 2005, when Plaintiff learned via a letter from Hannah that Hannah would not do so.  Id. at 488.  It was then not until June of 2005 that Plaintiff recovered the paperwork associated with his claim from Hannah.  Id.

On July 26, 2005, Plaintiff filed his initial Complaint, pro se, and applied to file in forma pauperis without prepaying the

filing fee, pursuant to 28 U.S.C. § 1915. [Docket Item 1.][2] The initial Complaint named as Defendant only Lewis Hannah, though the Court subsequently received, dated on the same day of July 26, 2005, Plaintiff's Amended Complaint seeking damages for constitutional violations from the Camden County Police Department and the Camden County Prosecutor's Office. [Docket Item 5.]

On February 22, 2006, the Court dismissed sua sponte Plaintiff's claims against the Camden County institutional defendants as time-barred, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. Feb. 22, 2006 Opinion, 2006 WL 436782 at *4. On Plaintiff's motion for reconsideration, the Court subsequently reconsidered this determination, and on January 3, 2007, the Court determined that Plaintiff's claims might be subject to equitable tolling.

> Plaintiff alleges that his lawyer assured him, between April 2003 and March 2005, that the Complaint would be and then that it was timely filed. If Plaintiff's claim was tolled during this approximately 21-month time-period, Plaintiff's claim, filed against the government Defendants in November of 2005, would not be barred by the two-year statute of limitations.

Jan. 3, 2007 Opinion, 2007 WL 38755 at *4. However, the Court nonetheless sua sponte dismissed Plaintiff's claims against the

---

[2] Plaintiff later paid the filing fee after applying for leave to proceed in forma pauperis. Feb. 22, 2006 Opinion at 2 n.1.

Camden County defendants, this time for failure to state a claim because Plaintiff's claims against the County Defendants were all premised on a theory of respondeat superior, which is unavailable under 42 U.S.C. § 1983.  Id. at *5.

Plaintiff again moved for reconsideration, seeking to add a claim of a policy or custom of the Camden County Defendant, and to add as defendants the unidentified police officers that conducted the assault.  The Court denied Plaintiff's request, finding that Plaintiff's argument regarding a policy of the County Defendants failed to meet the standard for reconsideration under L. Civ. R. 7.1(i); and finding that Plaintiff's request to add individual defendants, construed as a motion to amend the complaint under Fed. R. Civ. P. 15(c) was improper because (1) it failed to include a proposed amended complaint, (2) it did not name the individual officers to be joined, (3) the proposed amended complaint did not relate back to the original complaint, and (4) the claims appeared to be time barred.  Mar. 2, 2007 Opinion, 2007 WL 708981 at *3-4.

The Opinion included a rough calculation estimating the number of months that might be considered tolled against such individual defendants, and determined that it would be appropriate to toll ten months on claims against individual defendants.  Id. at *4 n.3.  The Court did not reconcile the difference between this calculation and the prior January 3

5

determination that 21 months could be tolled in Plaintiff's claims against the Camden County defendants.  However, the Court's Order denying reconsideration was without prejudice to Plaintiff seeking "to properly amend the Complaint with any timely claims he may have."  Mar. 2, 2007 Order [Docket Item 30].

Plaintiff then moved for leave to file an amended complaint, for the first time adding as defendant the City of Camden and the unnamed individual officers.  This motion was referred to Magistrate Judge Schneider, as a non-dispositive motion pursuant to L. Civ. R. 72.1a(1).  On September 25, 2007, Judge Schneider granted in part and denied in part the motion.  [Docket Item 40.]  Judge Schneider denied Plaintiff's motion to add the unidentified individual defendants, relying on the Court's March 2, 2007 reasoning and on the law-of-the-case doctrine, concluding that, as to Plaintiff, the issue had already been decided in the March 2, 2007 Opinion.  Sep. 25, 2007 Opinion at 8-9.

However, Judge Schneider determined that leave should be given to Plaintiff to add Defendant City of Camden, as his claims against that entity were not clearly time barred, based on the Court's reasoning in its January 3 and March 2, 2007 Opinions, and on Plaintiff's allegations in his proposed amended complaint.  Id. at 6-7 ("Accordingly, therefore, the statute of limitations was tolled on Plaintiff's claims against the City from April 2003 through June 2005. By tolling the statute of limitations for

6

twenty-five months from April 2003 through June 2005, the statute of limitations did not run on Plaintiff's claims against the City of Camden until June 2007."). Accordingly, Judge Schneider granted Plaintiff leave to file an Amended Complaint joining Defendant City of Camden.[3]

Defendant City of Camden was finally served on April 18, 2008. [Docket Item 61.] Meanwhile, the Court granted Plaintiff's unopposed summary judgment motion against Defendant Hannah as to liability for professional malpractice, but denied summary judgment on the issue of damages, which the Court determined was not sufficiently supported by evidence in the record. Mar. 31, 2008 Opinion [Docket Item 57].

On May 8, 2008, Defendant City of Camden filed its Answer, denying Plaintiff's allegations and asserting twenty-four affirmative defenses. [Docket Item 64.] Defendant's twenty-third affirmative defense alleged that "Plaintiff has failed to comply with the two-year statute of limitations." Id. at 9.

On September 24, 2009, the Court granted Plaintiff's motion

---

[3] The Court notes that Defendant's brief, in support of its motion for relief from order and judgment, confusingly blends together material from several sources into a single block quote. On Page 4, Defendant merges text taken from this Court's March 2, 2007 Opinion, Magistrate Judge Schneider's September 25, 2007 Opinion, and text that appears to be merely editorial contributions from Defendant's counsel. The Court, mindful of the lengthy and confusing history in this case, requests that counsel endeavor to be more careful in future filings before the Court.

7

for default judgment as to Defendant Hannah, entering judgment in the amount of $51,333.47.  <u>Malik</u>, 661 F. Supp. 2d 485 [Docket Items 88 & 89].  The Court held that

> The damages at issue in this case-within-a-case are those that Plaintiff would have received had he been able to bring suit against the presently unnamed individual officers responsible for the warrantless entry into Plaintiff's home and the unlawful beating based upon the facts Plaintiff proffers in his pleadings and his declaration.

<u>Id.</u> at 493.  The Court, mindful of the fact that Plaintiff was also pursuing damages from Defendant City of Camden on the basis of the same injuries, clarified that Plaintiff's damages for such injuries represented only those damages he could have received had he been able to recover from the individual defendants, and that once recovered, would not be recoverable from a second defendant such as Defendant Camden.  "Such a double recovery is not permissible here, because Plaintiff's medical expenses, property damage, lost wages, and pain and suffering are the total of his lost recovery in his claims against the officers and the County."  <u>Id.</u> at n.6.

On November 9, 2009, Defendant City of Camden filed its motion for summary judgment, arguing that Plaintiff could point to no evidence creating a material dispute of fact as to the existence of a policy or custom of Defendant's that caused Plaintiff's injuries; Defendant did not raise a statute-of-limitations defense.  [Docket Item 99.]  The Court denied this

motion without prejudice on March 11, 2010, after Defendant failed to comply with the Court's Order compelling that it provide to Plaintiff the discovery necessary for Plaintiff to respond to its summary judgment motion. [Docket Item 111.] In the same Order, the Court ordered Defendant to show cause why sanctions should not be imposed on it for its repeated failure to comply with Plaintiff's discovery requests and the Court's orders compelling discovery.

Finally Plaintiff moved for summary judgment to which Defendant filed untimely opposition that failed to even minimally comply with the requirements of Local Civil Rule 56.1 governing summary judgment motions. It perhaps goes without saying that Defendant also did not raise in its opposition any statute-of-limitations defense. The Court granted Plaintiff's motion for summary judgment as to the City of Camden's liability on June 28, 2011. Malik, 799 F. Supp. 2d 355 [Docket Items 132 & 133]. The Court reserved for trial the issue of Plaintiff's damages recoverable from the City.

On September 9, 2011, approximately seventy-three (73) days after the Court entered its Order granting Plaintiff's motion for summary judgment as to liability, Defendant filed the instant motion for relief from order and judgment.

9

## III. DISCUSSION

### A. Standard for Motions under Rules 60(a) and 59(e)

Defendant's motion seeks relief from final judgment or order under both Rule 60(a) and Rule 59(e), Fed. R. Civ. P. Specifically, Plaintiff seeks to "correct" Judge Schneider's September 25, 2007 Opinion granting Plaintiff leave to file an Amended Complaint, and seeks reconsideration of the Court's June 28, 2011 Order granting partial summary judgment in favor of Plaintiff.

A motion under Rule 59(e), titled a motion to alter or amend a judgment, is governed in this District by Local Civil Rule 7.1(i). United States v. Compaction System Corp., 88 F. Supp. 2d 399, 345 (D.N.J. 1999) (discussing the predecessor L. Civ. R. 7.1(g)). Rule 7.1(i) requires the moving party to set forth the factual matters or controlling legal authorities it believes the Court overlooked when rendering its initial decision. L. Civ. R. 7.1(i). Whether to grant a motion for reconsideration is a matter within the Court's discretion, but it should only be granted where such facts or legal authority were indeed presented but overlooked. See DeLong v. Raymond Int'l Inc., 622 F.2d 1135, 1140 (3d Cir. 1980), overruled on other grounds by Croker v. Boeing Co., 662 F.2d 975 (3d Cir. 1981); see also Williams v. Sullivan, 818 F. Supp. 92, 93 (D.N.J. 1993). To prevail on a motion for reconsideration, the movant must show:

> (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court . . . [rendered the judgment in question]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.

Max's Seafood Café ex rel. Lou-Ann, Inc., v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). To prevail under the third prong, the movant must show that "dispositive factual matters or controlling decisions of law were brought to the court's attention but not considered." P. Schoenfeld Asset Management LLC v. Cendant Corp., 161 F. Supp. 2d 349, 353 (D.N.J. 2001) (internal quotations and citations omitted).

A motion is timely under Rule 59(e) if it is filed "no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e).

Defendant also seeks the relief of a "correction based on clerical mistakes; oversights and omissions" under Fed. R. Civ. P. 60(a). Specifically, Defendant asks the Court to "correct" the "clerical mistake" of the Magistrate Judge's September 25, 2007 Order granting Plaintiff leave to file an amended complaint because, Defendant argues, Magistrate Judge Schneider incorrectly interpreted this Court's holdings regarding the equitable tolling appropriate to Plaintiff's civil rights claims from its January 3, 2007, and March 2, 2007 Opinions.

Relief under Rule 60(a) is limited to the correction of "clerical mistakes." Pfizer Inc. v. Uprichard, 422 F.3d 124,

11

129-30 (3d Cir. 2005).

> [Rule 60(a)] encompasses only errors "mechanical in nature, apparent on the record, and not involving an error of substantive judgment." <u>Mack Trucks, Inc. v. Int'l Union, UAW</u>, 856 F.2d 579, 594 n. 16 (internal citations omitted); <u>see also</u> <u>Perez v. Cucci</u>, 932 F.2d 1058, 1062; <u>United States v. Stuart</u>, 392 F.2d 60, 62 (3d Cir. 1968) ("Rule 60(a) is concerned primarily with mistakes which do not really attack the party's fundamental right to the judgment at the time it was entered. It permits the correction of irregularities which becloud but do not impugn it.").

<u>Id.</u> (holding that plaintiff's request to amend a judgment to require defendant to sign plaintiff's settlement agreement as a condition of receiving her settlement award was improper under Rule 60(a) because it substantively amended the judgment; such request should have been made through a Rule 59(e) motion).

**B. Analysis**

1. <u>Finality of Judgment</u>

Defendant characterizes its motion as seeking relief from an order or judgment pursuant to Rules 59(e) and 60(a). However, the Court notes that, because no final judgment has yet been entered in this action pursuant to Rule 54(b), the provisions of Rules 59 and 60, designed to address final judgment, are inapplicable here. <u>Juzwin v. Amtorg Trading Corp.</u>, 718 F. Supp. 1233, 1235 (D.N.J. 1989). The proper procedural mechanism for reconsideration of these interlocutory Orders, then, is Local Civil Rule 7.1(i). Motions under L. Civ. R. 7.1(i) must be

served and filed within 14 days after the entry of the order, and therefore Defendant's motion was untimely here. However, as explained below, even considering the motion under the Rules cited, the relief sought is improper.

    2. <u>Rule 60(a) Motion</u>

Next, the Court finds that Defendant's Rule 60(a) request to "correct" Magistrate Judge Schneider's September 27, 2007 Opinion and Order is not properly cognizable under Rule 60(a). First, Judge Schneider's Order merely granted Plaintiff leave to file an amended complaint joining Defendant but did not dispositively rule on the issue of statute of limitations. Defendant City of Camden, not yet then a party to the action, was not bound by Magistrate Judge Schneider's Order. If Defendant disagreed with the Order, Defendant was free to file a dispositive motion on the basis of the statute of limitations defense. <u>See</u> <u>Francis v. Pan American Trinidad Oil Co.</u>, 392 F. Supp. 1252, 1254 (D. Del. 1975) (considering motion to dismiss of defendant that had been joined pursuant to Rule 15(c) order permitting amended complaint on relation-back principles).

Second, even if Defendant City of Camden mistakenly believed itself to be bound by Judge Schneider's September 25, 2007 Order granting Plaintiff leave to file his Amended Complaint, Defendant should then have appealed that Order after being served in April of 2008. An order by a magistrate judge granting leave to join a

new party is a non-dispositive order subject to appeal to a district judge.  <u>William Cohen & Son v. All American Hero, Inc.</u>, 693, F. Supp. 201, 202 n.1 (D.N.J. 1988); <u>Jordan v. Tapper</u>, 143 F.R.D. 567, 571 (D.N.J. 1992), <u>aff'g</u> 143 F.R.D. 575 (D.N.J. 1992) ("There is no doubt that in this district motions to amend are decided by the magistrate [judge]"); <u>Zeller Plastik, Koehn, Grabner v. Joyce Molding</u>, 698 F. Supp. 1204, 1205-06, 1227 (D.N.J. 1988); <u>Erkins v. Case Power & Equip. Co.</u>, 164 F.R.D. 31 (D.N.J. 1995).  The Third Circuit has held that an aggrieved party's failure to object or appeal a magistrate judge's ruling on a non-dispositive issue constitutes waiver of that issue.  <u>See United Steel Workers of America, AFL-CIO v. New Jersey Zinc Co., Inc.</u>, 828 F.2d 1001, 1007-08 (3d Cir. 1987) ("we adopt the rule that parties who wish to preserve their objections to a magistrate judge's order entered pursuant to 28 U.S.C. § 636(b)(1)(A) must file their objections in the district court within ten days as set forth in Fed. R. Civ. P. 72(a).").

Third, Defendant's motion would still fail even if considered as a procedurally proper Rule 60(a) motion.  The request is clearly seeking to substantively alter Magistrate Judge Schneider's Order.  Judge Schneider, considering both this Court's January 3, 2007 and March 2, 2007 Opinions, made a reasoned assumption, for purposes of joining a new party, about the appropriate number of months that Plaintiff's claims should

be tolled. Defendant's motion alleges that Magistrate Judge Schneider's conclusion that twenty-five months should be tolled is contrary to the Court's prior opinions. Even if it were, such an error would undoubtedly be an error of substantive judgment rather than a mere clerical error. Thus, as in Pfizer, the Court must conclude that Defendant's motion is not properly brought under Rule 60(a).

    3.   Rule 59(e) Motion

As to Defendant's motion for reconsideration of this Court's June 28, 2011 Order granting partial summary judgment, the Court will likewise deny the request for several reasons. First, the Court finds the request to be time-barred, as it was made in excess of a month after the twenty-eight days permitted under Rule 59(e). Defendant asserts without argument that the period of time in which the case was administratively terminated after entry of partial summary judgment should toll the timing of its motion for reconsideration, but the Court rejects such an assertion.

As the Third Circuit has previously held, an administrative termination "has no legal consequence other than to remove that case from the district court's active docket. . . ." Penn West Assoc., Inc. v. Cohen, 371 F.3d 118, 128 (3d Cir. 2004). Indeed, as the Penn West court noted, many cases are often placed in administrative termination for lengthy periods of time in excess

of years depending on the circumstance. If all such administrative terminations tolled the deadline to file a motion for reconsideration, the important finality-based time limits on such recovery would be eviscerated. Therefore, Defendant's motion for reconsideration must be denied as time-barred.

Second, even had it been timely filed, the Court would still be required to deny the motion, as it presents a defense -- the statute of limitations -- which was not raised in its opposition to Plaintiff's motion. Thus, the argument it now asserts is not a "dispositive factual matter[] or controlling decision[] of law [that was] brought to the court's attention but not considered." P. Schoenfeld Asset Management LLC, 161 F. Supp. 2d at 353. Therefore, the Court would be required to deny Defendant's motion for reconsideration even if it had been timely filed.

Finally, Defendant also argues that the Court should reconsider its Order granting partial summary judgment for other reasons: (1) because the Court did not exercise its discretion to forgive Defendant's inadequate motion practice and opposition papers, and (2) because Plaintiff should not be permitted to seek damages related to injuries for which he has already recovered from Defendant Hannah.

As to the Court's decision to require adherence to the requirements of L. Civ. R. 56.1, the Court concludes that such a requirement is not an intervening change in the controlling law,

16

newly discovered evidence that was not available when the court rendered the judgment, or a clear error of law or fact or manifest injustice. Max's Seafood Café, 176 F.3d at 677. The Court had previously granted Defendant and its prior counsel frequent extensions of time and forgiven multiple failures to comply with the Court's prior orders throughout the lengthy procedural history of this case. Indeed, in the case of Defendant's opposition to Plaintiff's motion for summary judgment, had Defendant merely asked for an extension of time to comply with the requirements of the Local Rules in this case, the Court may have again granted its request. Thus, in light of the aggravated history of prior defense counsel's lack of diligence, it would be, to say the least, inaccurate to describe as "manifest injustice" the Court's decision to require Defendant's adherence to the rules, with which Plaintiff, at the time a pro se litigant filing from prison, complied. Defendant's procedural default is not a basis on which the Court will grant reconsideration.

Finally, to the extent that Defendant argues that Plaintiff's recovery should be limited because he has already won from Defendant Hannah a judgment of damages for some, or perhaps all, of the same damages he may claim from Defendant City of Camden, such an argument has not previously been made to the Court and is therefore improper on a motion for reconsideration.

17

To the extent that Defendant makes a substantive argument that Plaintiff's recovery from Defendant City of Camden should be foreclosed in all or in part based on his recovery from Defendant Hannah, the Court notes that this issue has not yet been decided. While the issue is therefore not cognizable in a motion for reconsideration or relief from judgment, Defendant may raise such an issue in a pretrial motion, such as a motion in limine or a motion for an order that the damages issue is not genuinely in dispute under Rule 56(g), Fed. R. Civ. P.[4]

**IV.  CONCLUSION**

Defendant City of Camden was initially served with Plaintiff's Amended Complaint on April 18, 2008, and was free at any point thereafter prior to the entry of judgment of liability against it to raise a statute-of-limitations defense.  Throughout those more than three years, prior counsel for Defendant chose not to do so, despite having stated the defense as one of twenty-four listed in its answer.  It cannot now, after the entry of judgment of liability, raise a defense that it has waived.

For the reasons discussed herein, Defendant's motion for relief from order and judgment will be denied.  The denial is without prejudice to Defendant's right to file a motion seeking

---

[4] Such a motion, if filed promptly, could be returnable at the trial logistics and final settlement conference currently scheduled for March 8, 2012.

to bar recovery of damages from the City of Camden that Plaintiff has already won from Defendant Hannah.

The accompanying Order will be entered.

**February 2, 2012**            **s/ Jerome B. Simandle**
Date            JEROME B. SIMANDLE
          Chief U.S. District Judge